**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MARCH SESSION, 1999**

**FILED**

**April 16, 1999**

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 01C01-9806-CR-00238** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **SUMNER COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. JANE W. WHEATCRAFT,** |
| **MELISSA ROBERTS,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Probation Revocation) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SUMNER COUNTY

FOR THE APPELLANT:

DANA L. SCOTT
Assistant Public Defender
117 East Main Street
Gallatin, TN 37066

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

LAWRENCE RAY WHITLEY
District Attorney General

WAYNE HYATT
Assistant District Attorney General
113 East Main Street
Gallatin, TN 37066

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Melissa Roberts, appeals as of right the trial court's revocation of her probation. She was sentenced on November 24, 1997 to four years at thirty percent for theft of property valued over $500 and theft of property valued over $1000. The court permitted her to serve her sentence on probation, and the conditions of her probation included being employed, paying probation costs, making restitution payments, and reporting to her probation officer.

Defendant's probation officer, Taz Whitley, reported that Defendant had violated her probation, and the trial court held a revocation hearing on May 15, 1998. After hearing testimony from Whitley and Defendant, the trial court revoked Defendant's probation and ordered her sentence to be served in confinement. Defendant appeals the decision of the trial court, and we affirm.

Both the granting and denial of probation rest in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, the trial judge has the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of probation. The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to permit an intelligent decision. Id. The determination made by the trial court, if made with conscientious judgment, is given the weight of a jury verdict and entitled to affirmance. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980).

When a probation revocation is challenged, this Court has a limited scope of review. Before concluding that a trial judge erred by finding a probation violation, we must establish that the record contains no substantial evidence to support the conclusion of the trial judge. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). If the violation is so supported by the record, the judgment of the trial court revoking probation will not be disturbed on appeal unless it appears that the trial court acted arbitrarily or otherwise abused its discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

In this case, we find that the record does contain substantial evidence to support the trial judge's determination that Defendant violated the terms and conditions of her probation. We further find no abuse of discretion in her decision to revoke Defendant's probation. Defendant testified she understood that the conditions of her probation were to remain employed, pay probation fees and court costs, pay restitution, and report to her probation officer. She admitted that she was not employed; that she had not made any payments toward probation fees, court costs, or restitution; and that she had failed to report to her probation officer since December of 1997. Taz Whitley confirmed that the foregoing were conditions of Defendant's probation and that she had indeed failed to comply.

Despite Defendant's testimony that she had not obtained employment because of her child-care commitments, that she had not made payments because she had no money, and that she had not reported to her probation officer because she was ill and afraid; the trial judge revoked Defendant's probation, stating,

[Defendant] has done absolutely nothing. And at the time she was sentenced, it was made clear to her I expected her to have employment and make restitution to the victims. The most simple and elementary thing that any probationer can do is report. I can understand not having money. I can understand some other problems, but I cannot understand why someone would not report in to a probation officer.

Having listened to her, just by her demeanor, I have no reason to believe this defendant is going to ever take probation seriously or ever try and comply with the requirements of a community-based sentence, so I am going to revoke her probation and order that she do the time.

We find that a probation violation is well supported by the record—most notably by Defendant's own testimony. Therefore, the trial court's decision to revoke her probation may not be overturned absent an abuse of discretion. We conclude that the revocation in this instance was within the proper range of the trial judge's discretion, rather than an abuse of her discretion.

For the foregoing reasons, the judgment of the trial court revoking Defendant's probation is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE