# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### OCTOBER SESSION, 1999

**FILED**

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. M1999-01738-CCA-R3-CD** |
| | ) | |
| Appellee, | ) | |
| | ) | **MONTGOMERY COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. ROBERT W. WEDEMEYER** |
| **WILLIAM T. DAVIS, JR.** | ) | |
| | ) | |
| Appellant. | ) | **(Aggravated Burglary; Burglary)** |


FOR THE APPELLANT:                          FOR THE APPELLEE:

**MICHAEL R. JONES**
District Public Defender

**RUSSEL A. CHURCH**
Assistant Public Defender
625 Frosty Morn Drive
Clarksville, TN 37043

**PAUL G. SUMMERS**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN WESLEY CARNEY, JR.**
District Attorney General

**C. DANIEL BROLLIER, JR.**
Assistant District Attorney General
120 Legion Street
Clarksville, TN 37041

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Montgomery County Grand Jury indicted Defendant William Davis, Jr., for aggravated burglary and burglary. On June 5, 1998, Defendant pled guilty to both of the charged offenses. That same day, the trial court sentenced Defendant as a Range II multiple offender to concurrent terms of eight years for aggravated burglary and four years for burglary. In addition, the trial court ordered Defendant to serve the sentences in the Community Corrections Program. A Community Corrections Program violation warrant was subsequently filed on July 17, 1998, and was executed on August 6, 1998. Following a hearing, the trial court revoked Defendant's placement in the Community Corrections Program and ordered Defendant to serve his sentences in the Tennessee Department of Correction, with credit for time served. Defendant challenges the revocation of his placement in the Community Corrections Program. After a review of the record, we affirm the judgment of the trial court.

## BACKGROUND

At the beginning of the revocation hearing, defense counsel stated that Defendant had violated the requirements of the Community Corrections Program and he was submitting the matter to the trial court for appropriate disposition.

Christy Akin Holt testified that when Defendant was sentenced to the Community Corrections Program, she discussed the terms and conditions of the program with him. Defendant was released from jail on June 9, 1998, and he went

-3-

through the Community Corrections intake process on June 10, 1998. Defendant committed a curfew violation on June 10, 1998, and although he reported on June 11, 1998, Holt never saw him again.

Holt testified that Defendant had previously been placed in the Community Corrections Program on September 16, 1994, and he subsequently violated the requirements of the program. Holt also testified that Defendant had admitted to the previous violation and his placement in the program had been revoked as a result.

Defendant testified that he had previously been in the Community Corrections Program in 1994 and he had violated the requirements of the program after approximately six months. Defendant claimed that he committed the curfew violation on June 10, 1998, because he did not have a place to stay when he got out of jail. Defendant also claimed that he never reported back to Holt because he was working. Defendant stated that he should be able to remain in the Community Corrections Program because he had learned his lesson.

**ANALYSIS**

Defendant contends that the trial court abused its discretion when it revoked his placement in the Community Corrections Program. We disagree.

The decision to revoke a Community Corrections sentence rests within the sound discretion of the trial court and that decision will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation had occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In

reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. See State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the evidence is sufficient, the trial court, may, pursuant to its discretionary authority, revoke the Community Corrections sentence and require the defendant to serve the sentence in confinement. Tenn. Code Ann. § 40-36-106(e)(3) (Supp. 1998).

In this case, there is absolutely no question that Defendant violated the requirements of the Community Corrections Program. In addition, Defendant's previous conduct indicates that he is either unable or unwilling to comply with the requirements of the program. Under these circumstances, the trial court was clearly justified in revoking Defendant's placement in the Community Corrections Program. Accordingly, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOE G. RILEY, JR., Judge

_____
JAMES CURWOOD WITT, JR., Judge