IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. JOHN WAYMANN ORR

**Appeal from the Circuit Court for Blount County**
**No. C-10396     D. Kelly Thomas, Jr., Judge**

---

**No. E2000-00931-CCA-R3-CD**
**July 24, 2001**

---

The defendant, John Waymann Orr, appeals from his probation revocation which resulted primarily from his conviction for public intoxication and alcohol abuse. He contends that with his alcohol abuse and mental health problems, he should be receiving treatment and should not be confined in jail. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Raymond Mack Garner, District Public Defender, and Shawn G. Graham, Assistant District Public Defender, for the appellant, John Waymann Orr.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was originally charged with aggravated assault. He pled guilty to assault and was sentenced on October 18, 1999, to eleven months, twenty-nine days to be served on supervised probation. A revocation warrant was issued on March 27, 2000, charging the defendant with violating his probation by being convicted of public intoxication, changing his address without the knowledge or permission of his probation officer, not reporting to the probation office as scheduled, not paying Board of Probation and Parole fees for November 1999 through March 2000, and not completing community service work as ordered.

The record of the probation hearing reflects that the forty-four-year-old defendant has had a serious alcohol abuse problem for at least the last ten years, which has resulted in various alcohol-

related arrests and convictions. He is also on medication for mental health purposes. The probation supervisor, Carolyn Brewer, testified that the defendant was convicted of public intoxication a few days after he was placed on probation for the assault charge. She said that the defendant changed his address without permission, failed to report in both February and March, failed to pay probation and parole fees from November through March, and failed to complete his community service.

Ms. Brewer testified that the defendant had a drug and alcohol assessment, after which he was referred for treatment. When the defendant arrived at the treatment halfway house, he was intoxicated, resulting in his rejection from the program. The defendant was later admitted to the Hope House in Oak Ridge, Tennessee. Ms. Brewer noted that the defendant had been intoxicated when he arrived at her office in November before entering the Hope House. She testified that the defendant completed the requirements at that facility but was only "marginally productive." She said that once he left the Hope House, he did not report to his probation officer for two months. She said she had not communicated with the defendant since his release from the Hope House but learned that he had been arrested in Blount County.

The defendant testified, essentially admitting many of the problems, but he claimed that Ms. Brewer was "dead against" him. He admitted doing "a little drinking" since leaving the Hope House, and he acknowledged that he had been taking medication on a regular basis. He claimed, though, that he did not take the medication when he had been drinking. The defendant asserted that he would be able to stay away from drugs and alcohol if placed on probation again.

The trial court determined that given the past failure of treatment programs relative to the defendant, it had little choice but to require the defendant to serve the remainder of his sentence in custody. Although it advised defense counsel that it would consider a motion by the defendant to relocate to a halfway house in the future, the trial court concluded that the remainder of the defendant's probation was to be revoked at that time.

The defendant asserts that with his severe alcohol abuse problem and "long-standing mental health issues," remaining in custody in the county jail will not address his problems and "would be completely useless." The state responds that the trial court acted within its reasonable discretion in revoking probation. It notes that the court was concerned for public danger from the defendant, whom it viewed to have low potential for rehabilitation. We agree with the state. The decision to revoke a defendant's probation rests within the discretion of the trial court. See State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In this respect, the record contains substantial evidence to justify the trial court's actions.

We note that the defendant does not actually contest the legitimacy of the trial court's revocation. Rather, he wants us to reverse the trial court and place him on supervised probation with the requirement of "specific therapeutic treatment." However, we are not authorized to replace the trial court's judgment with our own. Moreover, we believe that under the circumstances presented

in the record, confining the defendant is the only remaining option to ensure his reasonable compliance with the laws of society.  The judgment of the trial court is affirmed.


_____
JOSEPH M. TIPTON, JUDGE