IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

**STATE OF TENNESSEE v. JONATHAN TRICE**

**Appeal as of Right from the Circuit Court for Chester County**
**No. 98-56    Roy B. Morgan, Jr., Judge**

---

**No. W2000-02740-CCA-R3-CD**

---

The appellant, Jonathan Trice, pled guilty in the Chester County Circuit Court to five counts of theft and was sentenced to a total of four years incarceration in the Tennessee Department of Correction. The appellant's sentence was then suspended, and the appellant was granted service in a community corrections program. Due to the appellant's failure to comply with the terms of community corrections, the trial court revoked the appellant's suspended sentence and ordered that the appellant serve his sentence in confinement as originally ordered. The appellant appeals this ruling. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

George Morton Googe and Stephen P. Spracher, Jackson, Tennessee, for the appellant, Jonathan Trice.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The appellant was placed in a community corrections program on August 21, 1998, after pleading guilty to three counts of theft five hundred dollars or less, a class A misdemeanor, and to two counts of theft of over five hundred dollars, a class E felony. On August 23, 1999, the trial court entered an order revoking the appellant's community corrections sentence due to the appellant's failure to report to his community corrections officer. The appellant was sentenced to sixty days "shock incarceration" before being returned to the community corrections program.

On September 20, 2000, a community corrections revocation warrant was once again issued against the appellant. A revocation hearing was held on October 31, 2000. At the hearing, Jamie Hurst, the appellant's community corrections officer, testified that the appellant was instructed to report to her once each week. The appellant was further notified that Hurst met only by appointment because she works in two separate counties. Hurst maintained that her last meeting with the appellant prior to the revocation hearing was held on July 24, 2000. Hurst was unavailable to meet with the appellant on his next regularly scheduled appointment date of August 4, 2000. When she returned to her office the following week, she attempted to telephone the appellant at least twice to schedule a meeting but was unable to contact him. Hurst noted that the appellant never attempted to schedule another meeting even though such meetings were the appellant's responsibility as part of his community corrections sentence.

Additionally, Hurst testified that the appellant was four months in arrears with his payments for supervision fees, which payments were forty-five dollars ($45) per month. The appellant was also required to pay seventy-five dollars ($75) per month for court costs and restitution.[1] Hurst contended that she tried to accommodate the appellant when he told her that the payments were too high and only required him to pay fifty dollars ($50) per month for costs and restitution. Regardless, the appellant only made one-half of a payment in January 2000 and failed to make any payments from February to September 2000. Hurst indicated that the appellant's gross earnings were approximately twelve hundred dollars ($1200) per month, and he never explained why he was unable to make the payments. Hurst conceded that, on September 28, after the issuance of the community corrections revocation warrant, the appellant's wife made a payment of one hundred and fifty dollars ($150) to be applied to the appellant's court debts. Hurst added that, by the time the community corrections revocation warrant was issued, the appellant had performed only 13.5 hours of the 200 hours of community service required pursuant to his sentence.

The appellant acknowledged that he was in arrears in his payments but maintained that the delinquency resulted because he was the sole supporter of his family for a period of time. He also maintained that, on occasion, he had made double payments in order to remain current on his payments of his debts. The appellant conceded that his net income was approximately two hundred dollars ($200) per week. He contended that in July 2000 he was "laid off" from work for a week. Thereafter, he was hospitalized for a week due to an abscessed tooth and was ordered not to return to work for an additional week. The appellant testified that he attempted to contact Hurst regarding an appointment but could only leave a message on her answering machine. He claimed that, during the first two weeks in August, he tried to telephone Hurst on four separate occasions. He made no further attempts to contact Hurst because he was waiting for her to send a letter informing him of the date of his next appointment.

The trial court concluded that the State had proven, by a preponderance of the evidence, that the appellant had violated the terms of his community corrections sentence by failing

---

[1] Hurst testified that, at the time of the revocation hearing, the appellant still owed $2117.35 in costs and restitution.

to report to his community corrections officer, failing to pay the required costs and fees, and failing to do the required community service. The appellant now appeals.

## II. Analysis

Tenn. Code Ann. § 40-35-311(e) (2001 Supp.) provides:

If the trial judge should find that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered. . . .

Our supreme court has noted that, "[g]iven the similar nature of a community corrections sentence and a sentence of probation, we hold that the same principles are applicable in deciding whether a community corrections sentence revocation was proper." State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). Furthermore, this court will not disturb the lower court's findings unless the trial court has abused its discretion in making its ruling. Id. at 82. An abuse of discretion exists if there is "no substantial evidence to support the conclusion of the trial judge that a violation . . . has occurred." Id.

The trial court found that

it's been established by a preponderance of the evidence that this Defendant did fail to report as directed and required. . . . I also find that he is in arrears and has failed to pay supervision fees as directed while he was out on probation. He failed to make a good faith effort . . . to complete his community service work, and he has failed to make a good faith effort to pay costs and restitution as directed.

After reviewing the record, we conclude that there is more than substantial evidence that the appellant failed to report as directed; failed to pay supervision fees, costs, and restitution; and failed to make a good faith effort to complete his community service. At the revocation hearing, the appellant offered no satisfactory explanation for his inability to pay his fees and costs and did not explain why he was unable to perform his community service. See State v. Steven L. Chrisman, No. M2000-02812-CCA-R3-CD, 2001 WL 1103388, at *2 (Tenn. Crim. App. at Nashville, September 20, 2001); State v. Walter Jackson, No. E1999-02186-CCA-R3-CD, 2001 WL 55687, at *3 (Tenn. Crim. App. at Knoxville, January 24, 2001); cf. State v. Michael Chaney, No. 01C01-9801-CC-00010, 1999 WL 97914, at *2 (Tenn. Crim. App. at Nashville, February 18, 1999). Although the appellant claimed that he tried to make arrangements to meet with his probation officer, this testimony was largely discredited by the trial court. See State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Additionally, we note that the appellant previously had his community corrections sentence revoked for failure to report and has nevertheless continued to fail to comply with the requirements of his sentence. See State v. Christopher Knighton, No. E1999-01788-CCA-R3-CD, 2000 WL 682618, at *3 (Tenn. Crim. App. at Knoxville, May 26, 2000). The trial court did not abuse its discretion in revoking the appellant's community corrections sentence.

### III. Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

_____

NORMA McGEE OGLE, JUDGE