IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2002

## STATE OF TENNESSEE v. BONNIE STILLWELL PROFFITT GODFREY

**Appeal from the Circuit Court for Blount County**
**No.  C-8565-72, 8639-43, 9123-30   D. Kelly Thomas, Jr., Judge**

---

**No. E2001-00362-CCA-R3-CD**
**April 16, 2002**

---

Bonnie Stillwell Proffitt Godfrey appeals the Blount County Circuit Court's revocation of her Community Corrections sentence.  Because we hold that substantial evidence supports the finding of a violation, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

George H. Waters (at trial), Maryville, Tennessee, and Steve McEwen (on appeal), Mountain City, Tennessee, for the Appellant, Bonnie Stillwell Proffitt Godfrey.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The defendant has numerous convictions dating back to 1995 related generally to the passing of worthless checks.  She has an abysmal history of complying with the terms of non-incarcerative sentences.  The record reflects that she was originally given probationary sentences.  She was unsuccessful in complying with the terms of probation, and after at least two rounds of revocation proceedings in which she was extended leniency via resentencing to split confinement, she was placed on Community Corrections.

The defendant did not fare well during her time in the Community Corrections program.  Within three months, a violation warrant issued alleging she failed to report to her supervising officer, failed to perform required community service work, moved without notice to or

consent from her supervising officer, and failed to pay supervision fees. A second warrant later issued and alleged that the defendant had incurred new criminal charges.

At the violation hearing, the state showed that the defendant had failed to properly report to her Community Corrections supervisor, and the supervisor allowed the defendant time to obtain medical excuses for these failures. However, the defendant never provided the documentation and eventually quit reporting altogether after a period of hospitalization. Although the defendant was aware of her community service obligation, she failed to perform the work. Also, the defendant moved without notifying her supervisor or obtaining the supervisor's permission to change her residence. During a period of jail confinement, the defendant failed to return to the jail after a furlough for a group meeting at the Community Corrections program facility, even though her Community Corrections supervisor had explained to her on two or three occasions the nature of the furlough and had ascertained that the defendant understood it. The defendant had additional criminal charges pending. The defendant's Community Corrections supervisor did not feel that she could effectively supervise the defendant.

The defendant admitted that she had not reported to her supervisor, but she offered many excuses for her shortcomings in the Community Corrections program. She claimed that she had been sick enough to be hospitalized on two occasions during the time in question, and she had also been so ill that she had to have breathing treatments administered at home six times a day. She claimed that her medical condition prohibited her from driving or leaving the house. Due to her medical condition, she had to move so that she could live with someone who could care for her on an around-the-clock basis. She claimed that she was not told until shortly before she quit reporting what specific duties her community service entailed. The defendant admitted that she had not paid supervision fees, although she claimed that she was not required to pay them during the months prior to her illness, and once she became ill, she was unable to work. With respect to the jail escape/furlough issue, the defendant claimed that she was under the impression she had a three-day jail furlough to take care of personal business and that she had planned to report back to the jail shortly after the time when she was arrested for escape. Despite her poor track record, the defendant claimed that she was able to comply with the terms of the Community Corrections program.

The lower court found that the defendant had committed material violations of her Community Corrections sentences in that she violated the terms of her furlough, failed to report to her Community Corrections supervisor, and failed to perform community service. Accordingly, the court revoked the Community Corrections sentences and ordered that the defendant serve them in the Department of Correction.

In her appeal, the defendant claims that the lower court abused its discretion in finding that she committed material violations of her Community Corrections sentence. The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In reviewing the trial court's finding, it is our obligation to examine the record and determine

whether the trial court has exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the evidence is sufficient, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve the sentence in confinement. Tenn. Code Ann. § 40-36-106(e)(3) (Supp. 2001).

In this case, the lower court found that the defendant had violated the terms of her Community Corrections sentence. Moreover, it found that the defendant should not benefit from further leniency because she had previously violated the terms of non-incarcerative sentences. We see no abuse of discretion. Although the defendant had experienced health problems, her shortcomings in reporting to her supervisor and failing to perform community service work exceeded anything reasonable for her situation. The lower court obviously accredited the Community Corrections supervisor's testimony over that of the defendant regarding the defendant's understanding of the terms of her community service requirement and her furlough, and it did not abuse its discretion in doing so. Further, the court properly exercised its discretion in determining that the defendant had exhausted the possibilities for non-incarcerative service of her sentences.

In so holding, we have rejected several arguments contained in the defendant's brief. First, she claims that she did not have proper notice via amendment to the revocation warrant that she had been charged with felony escape. This statement is factually inaccurate. The record reflects an amended violation warrant entered on January 9, 2001, almost one month prior to the revocation hearing. Second, the defendant claims that the lower court failed to make findings relative to her failure to pay supervision fees. However, the court's order did not recite this shortcoming as a basis for the revocation. Finally, the defendant claims that she still had time to complete her community service requirement before the expiration of her sentence. Even if we were to accept this argument, we would nevertheless find support for the revocation based upon the community service component of the sentence because the defendant was to perform one hour of community service per week, and even before she became ill, she had not fulfilled any of this service.

Accordingly, the judgment of the lower court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-