STATE of Tennessee, Appellee,

v.

George Earl MITCHELL, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Jan. 23, 1991.

James D. Wilson, Memphis (on appeal),
for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Chris Craft, P.T. Hoover, and Charles W. Bell, Jr., Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

SUMMERS, Judge.

This case presents an appeal as of right by the appellant, George Earl Mitchell, from a judgment by the Honorable Fred Axley, Judge of the Shelby County Criminal Court, Division VI, revoking the appellant's suspended sentence and probation.

Two questions are presented for review by this appeal. The first issue is whether the trial court properly revoked the appellant's probation. The second issue is whether the appellant's sentence was excessive. Finding no merit to either of these issues, we affirm the trial judge's decision.

## FACTS

The appellant and Elizabeth Fleming (now Mitchell) had been living together in Memphis for four or five years. Their relationship had periodically been fraught

with discord. The police had to be called on several occasions to the house where they lived to quell disturbances. The problems between these two unmarried people were well known by the police.

Most of the time Ms. Fleming was the victim of physical violence. During a period of approximately three months, the appellant was arrested three times for alleged assaults upon the victim. He was indicted by the Shelby County Grand Jury on March 31, 1989, in three indictments wherein it was alleged that he committed assault and battery on the person of Ms. Fleming. The dates of the alleged assaults were during a period between May 21, 1988 and May 24, 1988; June 11, 1988; and August 29, 1988.

Represented by retained counsel, the appellant negotiated a plea with the State on June 28, 1989. He pled guilty to and received a sentence of six months on each charge in the Shelby County Correctional Center. Sentences were to be served concurrently. The stipulated facts clearly presented a stormy, tumultuous relationship between the appellant and the victim which culminated in slapping, hitting, beating, and other acts of violence.

A petition for suspended sentence was filed by appellant; and the trial court held a hearing on August 9, 1989. At that time the trial court formally accepted the appellant's guilty pleas and granted the appellant full probation for six months. The court specifically, and in fact emphatically, on the record and in writing gave the appellant specific admonition as to some of the provisions of his probation. The trial court was not delicate at all in advising the appellant of how he felt about the case in general as well as his regard for both appellant and the victim. It was clear that on several occasions the victim had called police to report the appellant's violence and then later wanted charges dropped. The court was frustrated with the entire situation, and clearly let everyone know exactly how he felt. At one point in the August 9, 1989, hearing the trial court admonished the appellant to stay away from Ms. Fleming. The court on the record advised the appel-

lant "not to see this woman again." He also advised the appellant on the record to move out of the house where he was living with the victim by September 1, 1989.

The probation order, signed by the appellant, his attorney, and the court, listed the regular provisions plus some special handwritten provisions with specific emphasis to give the reader a clear understanding of the rules. The pertinent part of the order included the following requirements:

Rule 7—The Probationer shall allow the Probation Officer to visit his/her home, employment site or elsewhere and carry out all instructions given by the Officer, whether oral or in writing.

Rule 9—The Probationer shall obtain written permission from his/her Probation Officer before establishing a date for marriage or before contracting any major debts.

Rule 16(1)—Defendant is to move from 2100 Worthington on or before September 1, 1989 and *separate* his residence from victim. (Emphasis added)

Rule 16(2)—Defendant is not to see victim (Ms. Elizabeth Fleming) or have *any contact with her.* (Emphasis added)

The court indicated that the expiration date of the probationary sentence for the appellant was February 9, 1990. On the written probation order signed by the appellant, he acknowledged that he was aware of all of the provisions and agreed to comply with them during the period of probation.

On August 16, 1989, seven days after the hearing, appellant and Ms. Fleming got married. After the marriage, a petition to revoke probation was filed and was heard by the trial court on November 3, 1989. At the conclusion of the hearing the trial court revoked appellant's probation and ordered him to serve six months incarceration. Subsequently, the appellant filed a motion for reconsideration of the order revoking suspension of the sentence. On December 13, 1989, a hearing was conducted; and the trial court denied the motion.

At the revocation hearing, the appellant's probation officer testified about a telephone conversation with appellant on Au-

gust 9, 1989, which was the same day as the probation hearing. The appellant inquired about marrying the victim, and the probation officer told him that such an action would be a violation of probation. The officer informed the appellant that he needed to talk to his lawyer about going back into court and getting the trial judge's permission to get married. On August 11, 1989, Ms. Fleming called the officer on behalf of the appellant; and the probation officer gave her the same advice.

When the appellant went to the probation officer's office on August 17, 1989, for a regular visit, he told her that he had married the victim. After apprising the trial court of the appellant's marriage to the victim, she prepared the violation report.

The appellant testified that he has not been around Ms. Fleming since September 1, 1989. He said he picked out a date to get married and talked to his probation officer about it before getting married. He admitted that the probation officer told him not to get married. He said that the probation officer told him to talk to his attorney or the judge before marrying. He also said that his retained counsel told him it was a good idea to get married. He testified that he did not ask the judge for permission to marry and admitted violating the rules of the trial court.

The victim, now Mrs. Mitchell, testified that she married the appellant on August 16, 1989. She said that she had been living with the appellant for four or five years; but he moved out on September 1, 1989. She said that she talked to the probation officer who informed her that she would have to talk to either the judge or the attorney. Mrs. Mitchell testified that she told the attorney for the appellant that she and the appellant were going to get married. Supposedly, the attorney said to proceed with the marriage.

We do not make any specific findings regarding the conduct of appellant's trial attorney. The trial court was justifiably concerned about what appeared to be the facts of the attorney's conduct. We recommend that the trial court take steps which are appropriate under the circumstances.[1]

## I. WHETHER THE TRIAL COURT PROPERLY REVOKED THE APPELLANT'S PROBATION

The appellant contends that the trial court improperly revoked his probation. He contends that he did not knowingly violate the terms of his probation. We disagree.

T.C.A. § 40–35–310 gives the trial court statutory authority to revoke probation whenever it finds that a probationer has violated the conditions of probation. If a probationer is guilty of any breach of the laws of this State or violates the conditions of probation, the trial judge shall have the power to determine the facts involved through a due process hearing. T.C.A. § 40–35–311(c) states as follows:

> The trial judge may enter such judgment upon the question of such charges as he may deem right and proper under the evidence adduced before him.

If the trial court finds by a preponderance of the evidence that the probationer has violated the conditions of his probation, he has the right to revoke the probation and suspension of sentence and cause the probationer to commence the execution of the judgment as originally entered. T.C.A. § 40–35–311(d). Both the granting and revocation of a suspended sentence rests in the sound discretion of the trial judge. *Finley v. State*, 214 Tenn. 149, 378 S.W.2d 169 (1964).

In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge. *Carver v. State*, 570 S.W.2d 872 (Tenn.Crim.App.1978). The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision. *Barker v. State*, 483 S.W.2d 586 (Tenn.Crim.App.1972).

The record indicates that the appellant was placed on probation and special conditions were attached to his probation.

1. We note that appellate counsel did not represent Mr. Mitchell at trial.

He was to move from 2100 Worthington on or before September 1, 1989, and separate his residence from the victim. He was not to see the victim or have any contact with her. The record also indicates that among the regular conditions of the probation were "probationer will carry out all instructions given by the officer, whether oral or in writing"; and "the probationer shall obtain written permission from his/her probation officer before establishing a date for marriage."

The record is clear, and the appellant concedes, that his probation officer told him that marriage without permission was a violation of probation. The appellant even testified that the probation officer told him not to get married. He clearly did not ask the judge for permission, and he violated the rules of the trial court under any burden of proof.

For the above stated reasons, we find that the trial court properly revoked the appellant's probation. This issue is overruled.

## II. WHETHER THE APPELLANT'S SENTENCE WAS EXCESSIVE

■ The appellant contends that the trial judge's sentence of confinement for a period of six months is excessive. We disagree.

The appellant pled guilty to three counts of assault and battery. The sentences, in accordance with the negotiated plea, were to run concurrently. This was a plea bargain into which he entered voluntarily and knowingly.

T.C.A. § 40–35–310 gives the trial judge the authority to revoke probation. The statute, in part, states as follows:

> The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40–35–311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly. . . .

When the trial court revoked the appellant's probation, the trial judge reimposed the original sentence as was his authority to do. This clearly was not excessive in light of the fact that this was the same sentence for which the appellant originally negotiated in his plea bargain agreement.

The appellant in his brief states that "the unusual circumstances of this case militate against the incarceration of this defendant." We agree that a revocation decision is best tested by whether such an action would serve the ends of justice and be in the best interest of both the public and the defendant/appellant. We are of the opinion that in revoking this appellant's probation, the trial court did just that.

## III. CONCLUSION

We agree with the appellant, as stated in his brief, that the orders of the court deserve to be enforced. The appellant's problems with the court regarding his probation are his fault. He is an adult responsible for his own actions. We have great concern about the propriety of trial counsel's actions in apparently advising the appellant that it was a good idea to get married under these circumstances. Future action in that regard will be between the trial court and the Board of Professional Responsibility if warranted. The reason the trial court granted the probation with special conditions was for the protection of the appellant, the victim, and society. The trial judge knew what he was doing when he granted those specific conditions, and he meant for them to be followed. We are not unmindful of the sanctity of marriage or the fulfillment of family harmony. In this day and age where separation and divorce are rampant, marriage and domestic tranquility should be promoted. However, the actions of the appellant clearly violated Rules 7, 9, and 16 of the probation order. The marriage between the appellant and his victim was an attempt to circumvent the orders of the court. The court was not in error by revoking appellant's suspended

sentence. The sentence which was agreed upon in a negotiated plea and ultimately enforced was not excessive.

For the foregoing reasons, the judgment of the trial court is affirmed.

SCOTT and PEAY, JJ., concur.