IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



FILED

June 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9608-CR-00297 |
| | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Richard Baumgartner, Judge |
| | ) | |
| ERIC EUGENE HOUSTON, | ) | (Probation Revocation) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Mark Stevens
District Public Defender
   and
John Halstead
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
      and
Michael J. Fahey, II
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
      and
Paul Gentry
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Eric Eugene Houston, appeals as of right from the revocation of his probation by the Knox County Criminal Court. He contends that the trial court abused its discretion by revoking his probation.

The defendant pled guilty to attempted possession of cocaine with the intent to sell, a Class C felony, and received a three-year sentence that was to be served on supervised probation. The trial court issued a probation revocation warrant for the defendant that alleged that the defendant had violated the conditions of his probation by being arrested for assault, failing to notify his probation officer of his arrest, and by being behind on his payment of court costs, supervision fees, and performance of community service work.

The victim's girlfriend testified at the probation revocation hearing. She said that she had been living with the defendant for the past nine months and had called the police on March 1st after an argument between her and the defendant had turned physical. She recalled that on that day she and the defendant were at her aunt's apartment when she hit the defendant and the defendant hit her in the face. She said that the defendant left her aunt's apartment before she did and recalled that she went to a store after she left the apartment. She said that the defendant arrived at the store as she was leaving. She said that the defendant continued to argue with her and that he hit her in the face again.

The defendant's girlfriend also testified that she loves the defendant and has tried to get the charges against the defendant dropped. However, she admitted that over the past nine months she has had to call the police on other occasions for the

2

same reason. She also testified that the defendant had threatened her that things could get even worse.

The defendant's probation officer testified that the defendant was on probation for aggravated assault when he committed the cocaine offense. He said that the defendant had been reporting to him regularly but that the defendant did not inform him that he had been charged with assault. The probation officer explained that the defendant was to maintain steady employment as a condition of his probation but that the defendant had been unemployed for the last few months. He admitted that he had heard that the defendant was working at a nursing home before his arrest but said that he had not received any verification of the defendant's employment. He said that the defendant had only paid twenty dollars toward his court costs and probation fees. He also testified that although the performance of ninety-six hours of community service was a condition of the defendant's probation, the defendant had only performed twenty-three hours.

The defendant testified that he had been working at a nursing home for the past two months. He explained that the nursing home owed him a paycheck and that he would be able to use the money to pay court costs and fees. The defendant said that he was trying to change his ways. He said that he started attending church regularly and that he hoped to marry his girlfriend. He admitted that he hit her on March 1st, after she hit him, and admitted that he grabbed her when they argued at the store later that day.

At the close of the proof, the trial court told the defendant that he was not going to smack his girlfriend for the next three years because he was going to the T.D.O.C. to serve his sentence. The court commented that it would not tolerate domestic violence and also said that the defendant had failed to comply with the

3

conditions of his probation in many material respects. In its written revocation order, the trial court found that "the defendant has been guilty of violating the laws of this State, that he has been guilty of conduct inconsistent with good citizenship, and that he has otherwise violated the conditions of his probation."

The defendant contends that the trial court abused its discretion by revoking his probation because it failed to make adequate findings of fact and failed to consider that the defendant's girlfriend wanted the charges against the defendant to be dropped and admitted striking him first. The defendant also contends that the trial court erred in relying upon the defendant's failure to pay fees and court costs and his failure to perform all of the required community service.

Primarily, the defendant argues that the trial court's failure to make factual findings violated his due process rights. He cites to State v. Billy Carter, No. 03C01-9506-CR-00159, Sullivan County (Tenn. Crim. App. Apr. 16, 1996), in which this court stated that "the trial court's failure to make findings of fact in accordance with the principles of due process . . . coupled with the records' failure to reflect that the appellant was given written notice of the claimed probation violation . . ." required a remand for further proceedings to be conducted in accordance with due process.

In the present case, the warrant that was served on the defendant notified him that revocation was being sought because he had been charged with assault, had failed to notify his probation officer of his arrest, and had been behind on his payment of court costs, supervision fees, and performance of community service work. Thus, the warrant gave the defendant sufficient notice of the alleged violations of the conditions of probation, a circumstance not present in Carter. Also, although the trial court should have been more specific in its factual findings, it obviously found that the defendant violated the conditions of his probation by criminal behavior. Both the

4

defendant and his girlfriend testified concerning his assaultive behavior. In our view, the trial court's findings regarding this incident, alone, warranted revocation of probation.

It is within the trial court's discretion to revoke the defendant's probation upon a finding by a preponderance of the evidence that the defendant violated a condition of his probation. T.C.A. §§ 40-35-310, -311(d); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). As previously indicated, we believe that there was substantial evidence to support the trial court's conclusion regarding the defendant's violation of the laws of Tennessee. Accordingly, we hold that the trial court properly acted within its discretion by revoking the defendant's probation. The judgment of the trial court is affirmed.

_____Joseph M. Tipton, Judge

CONCUR:

_____
Joe B. Jones, Presiding Judge

_____
Curwood Witt, Judge

5