**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

FILED

July 29, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9803-CC-00139 |
| Appellee, | ) | |
| | ) | FRANKLIN COUNTY |
| VS. | ) | (No. 919139 Below) |
| | ) | |
| WILLIAM BURT SMITH, | ) | The Hon. J. Curtis Smith |
| | ) | |
| Appellant. | ) | (Revocation of Probation) |
| | ) | AFFIRMED PURSUANT TO RULE 20 |

**O R D E R**

This case came to be heard on the state's motion for affirmance of the judgment pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

The appellant pled guilty to aggravated assault and was sentenced to five years on supervised probation. Subsequently, a probation violation report was issued, alleging the following violations: (1) failure to obey the laws -- arrested for driving on a suspended license, drug abuse, and possession of drug paraphernalia, (2) failure to report these arrests to the probation officer, (3) failure to notify the probation officer or request permission to change residence to Ohio, (4) failure to report to the probation officer, (5) possession of narcotic drugs, (6) failure to pay $180 in probation fees, and (7) failure to pay restitution in the amount of $94. A probation violation warrant was issued, and after a hearing, the trial court revoked the appellant's probation and ordered him to serve the entire five-year sentence in incarceration.

The revocation of probation is committed to the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). An appellate court will not find that a trial court has abused its discretion unless the record contains no substantial evidence to support the trial court's conclusion that the probation should be revoked. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. Crim. App. 1981). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making the decision to revoke probation. State v. Leach, 914

S.W.2d 104, 106 (Tenn. Crim. App. 1995). Moreover, once the trial court finds by a preponderance of the evidence that a probationer violates a condition of his probation, it is within the court's discretion to revoke probation and cause execution of the judgment as it was originally entered. T.C.A. §§ 40-35-310,-311(d); State v. Harkins, 811 S.W.2d 79, 82.

Based upon a reading of the record, the state's motion, the appellant's brief, and the applicable law, this Court finds that the trial court did not abuse its discretion and the judgment should be affirmed.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment pursuant to Rule 20 is granted. The judgment of the trial court is hereby affirmed. The petitioner being indigent, costs of this appeal are taxed to the state.

In the event the appellant indicates an intention to file an application for permission to appeal to the Tennessee Supreme Court, he may be admitted to bail in the additional amount of $5,000 for a total bond amount of $25,000 with sufficient sureties to be approved by the clerk of the trial court pending filing and disposition of said application. In default of such bond, the appellant shall be remanded to the custody of the Tennessee Department of Correction.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE