IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 8, 2000

**STATE OF TENNESSEE v. DON ALLEN RODGERS**

**Appeal from the Circuit Court for Madison County**
**No. 98-136, 98-232     Roy B. Morgan, Jr., Judge**

_____

**No. W2000-00714-CCA-R3-CD - Filed December 6, 2000**

_____

The defendant appeals the trial court's revocation of his community corrections sentence and the imposition of incarceration in the Department of Correction. Finding no abuse of the trial court's discretion in making either determination, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Stephen P. Spracher, Assistant Public Defender, for the Appellant, Don Allen Rodgers.

Paul G. Summers, Attorney General & Reporter, Patricia C. Kussman, Assistant Attorney General, James G. Woodall, District Attorney General, Jody Pickens, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant, Don Allen Rodgers, appeals the Madison County Circuit Court's revocation of his community corrections sentence. Pursuant to the defendant's guilty pleas, the trial court on September 22, 1998 convicted the defendant of aggravated burglary and thirteen counts of forgery. It imposed an effective ten-year sentence, with nine years to be served on community corrections after serving the first year in the Teen Challenge drug treatment program. On February 22, 2000, the state filed revocation warrants, and after a March 20, 2000 revocation hearing, the trial court found that the defendant, while serving his community corrections sentence, used cocaine and committed theft and forgery. It revoked the community corrections sentence and ordered the defendant to serve his sentence in the Department of Correction (DOC), with a recommendation that the DOC place the defendant in a special needs program for his drug dependency problem. The defendant appeals the revocation of his community corrections sentence and the order to serve his

sentence in confinement. After a review of the record, the briefs of the parties, and the applicable law, we affirm the revocation.

The evidence at the revocation hearing showed that the defendant admitted to his case supervisor that he used cocaine during his community corrections sentence. Also, a Jackson police officer testified that the defendant admitted stealing and forging checks while on community corrections placement. At the time of the revocation hearing, charges for these new offenses had been filed and were pending. The defendant testified, and although he acknowledged the use of cocaine, he denied telling the police officer that he had engaged in theft and forgery. When cross-examined about these offenses, the defendant professed a lack of memory and attributed his lack of memory and his other failings while on community corrections to his drug addiction. He also blamed the trial court and the community corrections personnel for his failings, because they had not persisted in providing him with drug rehabilitation.

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. State v. Haskins, 811 S.W.2d 79, 82 (Tenn. 1991). In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the evidence is sufficient, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement. Tenn. Code Ann. § 40-36-106(e)(3) (Supp. 1998).

On appeal, the defendant argues that the trial court either should have continued the defendant on community corrections for drug treatment programs or should have utilized some other rehabilitative program short of incarceration. We must disagree. We conclude that the trial court acted well within its discretion in revoking the community corrections sentence and imposing confinement.

The record reflects not one, but two bases for revoking the community corrections sentence. The defendant admitted the use of cocaine, and the trial court found that the defendant committed the theft and forgery. He was convincingly implicated in these latter offenses by his confession to a police officer. The defendant was given the benefit of an alternative sentence; yet, he has demonstrated that he will continue committing thefts to support his drug habit until he is prevented from doing so by confinement. The record cogently supports the trial court's action.

For these reasons, we affirm the trial court's revocation of the community corrections sentence and imposition of confinement.

_____
JAMES CURWOOD WITT, JR., JUDGE