IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2001

## STATE OF TENNESSEE v. HENRY FORD WILLIAMS, JR.

**Appeal from the Circuit Court for Robertson County**
**No. 8516B &8234B    John H. Gasaway, III, Judge**

---

**No. M2000-01495-CCA-R3-CD - Filed May 18, 2001**

---

The defendant, Henry Ford Williams, appeals the Robertson County Circuit Court's revocation of his community corrections sentence. The trial court accepted the defendant's guilty pleas to Class B felony possession of cocaine for resale and to Class C felony possession of cocaine. On September 16, 1993, the trial court imposed an effective sentence of ten years, with eleven months and 29 days to be served in local confinement and the balance to be served in community corrections. On February 18, 2000, the state filed a community corrections revocation warrant. The trial court conducted an evidentiary hearing and revoked the defendant's community corrections placement. From that order, the defendant has appealed to this court. Upon our review of the record, the briefs of the parties, and the applicable law, we affirm the action of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Smith, on appeal, Clarksville, Tennessee; and Michael R. Jones, Public Defender, Springfield, Tennessee, for the Appellant, Henry Ford Williams, Jr.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Dent Morriss, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

After the defendant was sentenced in 1993, he served the eleven-month, 29-day confinement portion of his ten-year sentence. In the community corrections revocation warrant, the state alleged that the defendant violated community corrections requirements in that he (1) failed to

maintain employment and (2) failed to refrain from the use of illicit drugs and alcoholic beverages. Based upon testimony of a probation officer and of the defendant at the evidentiary hearing, the trial court found that the defendant had, by his own admission, used marijuana and that he intended to continue his use of marijuana and cocaine.[1] The court viewed the defendant's open defiance of community corrections rules as an "affront to the court." It revoked the defendant's community corrections placement and ordered him to serve the balance of his sentence in confinement.

In his appeal from this decision, the defendant claims that the trial court abused its discretion in revoking the defendant's community correction placement; however, he acknowledges in his brief that, in view of the defendant's use of illegal drugs, the trial court had the authority to revoke the placement.[2] He argues that the imposition of confinement for the balance of the sentence for a first-time violator is excessive. Because we disagree, we affirm the trial court's judgment.

The decision to revoke a community corrections sentence rests with the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the evidence is sufficient, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement. Tenn. Code Ann. § 40-36-196(e)(3) (Supp. 2000).

In the present case, the trial court's decision to revoke the defendant's community corrections placement based upon his use of illicit drugs is firmly supported in the record, and accordingly, the trial court did not abuse its discretion by revoking the community corrections placement. The defendant appears to concede as much. Also, the record supports the trial court's discretionary decision to require the balance of the sentence to be served in confinement. This court has said that a person who violates probation has no claim to a second grant of probation or other form of alternative sentence. *State v. James Moffit*, No. 01C01-9010-CC-00252 (Tenn. Crim. App., Nashville, Apr. 4, 1991). We believe that principle applies to a revocation of a community corrections placement. The trial court is authorized to impose confinement for the balance of the sentence, and we are not at liberty to disturb the decision absent a showing that the lower court abused its discretion. The record reflects no abuse of discretion.

Accordingly, we affirm the judgment of the trial court.

---

[1]     The defendant testified, "I like marijuana."

[2]     We note that Tennessee Code Annotated section 40-36-106(e)(4) (Supp. 2000) provides that, upon revoking a community corrections sentence, the court may impose incarceration "for any period of time up to the maximum sentence provided for the offense committed, *less any time actually served* in any *community-based alternative to incarceration*." (Emphasis added).

_____
JAMES CURWOOD WITT, JR., JUDGE