IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2003

## STATE OF TENNESSEE v. KENNETH RUSSELL AMICK

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR655-2001     Jane Wheatcraft, Judge**

---

**No. M2002-01931-CCA-R3-CD - Filed March 26, 2003**

---

The defendant challenges the revocation of his probation by the Sumner County Criminal Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

David A. Doyle, District Public Defender, for the appellant, Kenneth Russell Amick.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sallie Wade Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Kenneth Russell Amick, pled guilty on March 18, 2002, to attempted rape and incest and was sentenced to an effective term of six years probation. The victim was the defendant's stepdaughter, who was approximately twelve years old at the time of the offenses in 2001. The defendant also had a biological daughter, who was approximately four years old. Among the relevant conditions of probation under the sexual offender program were requirements that the defendant not consume alcohol nor be in the company of any child under eighteen years of age without a chaperone approved by the probation officer. These conditions were carefully explained to the defendant according to the testimony of his probation officer.

Annette Jones, the manager of the InTown Suites where the defendant was residing while on probation, testified at the revocation hearing that she saw the defendant in the lobby with a young child, presumably his biological four-year-old daughter. No other adult was with them. She reported this to Officer James Bachman, who was both an officer with the Hendersonville Police Department and a security officer at InTown Suites. Officer Bachman testified that he later spoke with the defendant in his room concerning the allegation, and the defendant denied that any children

had been in his presence. Officer Bachman observed six or eight empty beer cans in the defendant's room.

The defendant testified and denied that he was with his child in the lobby or with any child at any time in any other location. The defendant admitted that he drank beer "a couple of times" in violation of his probation; however, he contended he did so because of the stress he was under as a result of being separated from his wife. He stated the beer helped him sleep.

The defendant's wife, who was the mother of the defendant's stepdaughter and his other daughter, also testified at the revocation hearing. She contended the defendant had not been in the presence of either of the children while he was on probation.

The trial court expressly found Annette Jones' testimony credible, concluding the defendant was in the company of a child in the lobby. The trial court also found the defendant violated the terms of his probation by consuming alcohol. The trial court revoked the defendant's probation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310; -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

The trial court expressly found the defendant was in the presence of a child in the InTown Suites lobby and consumed alcoholic beverages, both violations of his probation. The defendant admitted to the latter violation. The evidence clearly supports the findings of the trial court. It was within the discretion of the trial court to revoke probation; there was no abuse of discretion in this case.

The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE