IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2003

# STATE OF TENNESSEE v. SHARON J. BREEDEN

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-11663, C-11664, and C-11786 — C-11793   D. Kelly Thomas, Jr. , Judge**

---

**No. E2003-01237-CCA-R3-CD**
**December 22, 2003**

---

The defendant, Sharon J. Breeden, appeals the revocation of her probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Raymond Mack Garner, District Public Defender; Stacey D. Nordquist, Assistant District Public Defender (at hearing and on appeal); and Steve McEwen, Mountain City, Tennessee (on appeal), for the appellant, Sharon J. Breeden.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Rocky Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In December 1999, the defendant pled guilty to nine counts of misdemeanor theft and nine counts of criminal impersonation.  The trial court imposed four consecutive sentences of eleven months and twenty-nine days, ordered the remaining misdemeanor sentences to be served concurrently, and ordered the sentences served in split confinement with the defendant's probation beginning March 2000.  On June 20, 2002, the trial court found the defendant violated the terms of her probation and ordered her to serve a portion of her sentence in incarceration before returning her to probation.  She was released from jail on November 18, 2002.  On May 12, 2003, the trial court again revoked her probation and ordered her to serve the remainder of her sentence.  This appeal followed.

**PROBATION REVOCATION HEARING**

The defendant's probation officer testified the defendant was convicted of theft and criminal impersonation after her release from jail in November 2002. According to the probation officer, the defendant stopped reporting to her after December 2002.

The defendant testified she pled guilty to criminal impersonation and theft for offenses committed in January and March 2003. She admitted she failed to report to her probation officer. She said she left Tennessee and did not return until March; she did not attempt to contact her probation officer during this time. The defendant told the trial court, "I don't want to be back on probation, because probation is not getting me anywhere but jail." She requested to be allowed to serve one eleven-month and twenty-nine-day sentence. She indicated she was not able to comply with the terms of probation.

The trial court revoked her probation and ordered her to serve the balance of her sentence in incarceration.

**ANALYSIS**

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Given the proof in the record before us, clearly the trial court did not abuse its discretion in revoking the defendant's probation. Further, the trial court acted within its authority in ordering the defendant to serve her original sentence. *See* Tenn. Code Ann. §§ 40-35-310, -311(e). We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE