# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 23, 2003

## STATE OF TENNESSEE v. DONALD P. MCGUIRE

**Appeal from the Criminal Court for Sullivan County**
**Nos. S42,026 through S42,030      R. Jerry Beck, Judge**

---

**No. E2003-00384-CCA-R3-CD**
**December 22, 2003**

---

The defendant appeals the trial court's revocation of his community corrections placement. Because the record supports the trial court's ordering the defendant to serve the balance of his original sentences, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Joseph F. Harrison, Blountville, Tennessee (at trial); and Steve McEwen, Mountain City, Tennessee (on appeal), for the Appellant, Donald P. McGuire.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Steven R. Finney, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On August 24, 2000, the Sullivan County Criminal Court sentenced the defendant, Donald P. McGuire, to sixteen years – eight to be served in incarceration and the remainder to be served on probation – as a result of multiple, guilty-pleaded, Class D felony convictions of burglary and theft. On June 27, 2002, the defendant successfully petitioned the trial court for early release; the court placed the defendant on community corrections for the balance of the eight-year term that he had been serving in incarceration. As a condition of the community corrections placement, the defendant was required to enroll in and apparently reside at Hay House, a community treatment facility. On August 6, 2002, the defendant complained of illness and was transported to the hospital. He departed from the hospital without seeing any medical personnel, and by this means, he absconded from Hay House. The state filed a violation of community corrections petition; the defendant was arrested, and the court conducted a revocation hearing on February 10, 2003.

At the hearing, the defendant pleaded guilty to the violation of the terms of his Hay House placement. He testified that, although he had established a good record at Hay House, had not re-offended, and had passed drug tests, paid his fees, and performed 300 hours of community service, he fled on impulse as a result of being pressured by the departure of a counselor who had befriended him, a death in his family, and his father's open-heart surgery. He went to Maryland to visit his father and voluntarily returned to Tennessee and surrendered himself to the authorities.

The trial court observed that the defendant had received various convictions prior to the offenses in the present case, including convictions for violating work release, automobile theft, and assault. The court ordered the defendant to serve the balance of his effective sixteen-year sentence. Now on appeal, the defendant claims that the trial court erred in ordering him to serve the balance of his sentence in incarceration. We disagree and affirm the lower court's judgment.

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991). In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the evidence is sufficient, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement. Tenn. Code Ann. § 40-36-106(e)(4) (2003).

In the present case, substantial evidence attends the trial court's decision to revoke the community corrections placement and to order the defendant to serve his sentence in confinement. The trial court viewed the defendant's flagrant violation in context with his lengthy prior history of offending. One of the defendant's prior convictions was based on violating a work release program. Further, the defendant absconded from Hay House barely a month after he cajoled the trial court into releasing him from confinement. With these factors supporting the trial court's decision, the decision abides soundly in that court's discretion. The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE