IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

March 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO.  03C01-9707-CR-00291 |
| | ) | |
| Appellee | ) | HAMILTON COUNTY |
| | ) | |
| v. | ) | HON. DOUGLAS A. MEYER, |
| | ) | JUDGE |
| JERRY ALLEN ELLISON, | ) | |
| | ) | (Revocation of probation) |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

Ardena J. Garth
District Public Defender
11th Judicial District

Donna Robinson Miller
Assistant District Public Defender
Suite 300 - 701 Cherry St.
Chattanooga, TN  37402

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN  37243-0493

OPINION FILED _____


AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

This is an appeal by the defendant from the judgment of the trial court which revoked a previously granted probation to him.

The judgment of the trial court is affirmed.

In December 1996, the defendant entered a plea of incest, which arose from his sexual intercourse and oral sex with his step-daughter on eight to ten occasions when she was fourteen and fifteen years of age. On March 13, 1997, the trial judge sentenced the defendant to serve six years for the offense. The defendant served a 30 day "shock" time in jail and on April 21, 1997 the remainder of the sentence was suspended and the defendant was placed on intense probation.

On May 6, 1997, a petition was filed to revoke the probation because the defendant had been arrested for assault. On June 18, 1997, the trial court revoked the defendant's probation and ordered him to serve the remainder of the six year sentence.

The record shows that the defendant and the mother of the child in the case were divorced sometime before the case was concluded. When the defendant was released from jail, he began to live with a woman named Benson, who was apparently 19 years of age.

The Benson woman testified that on May 4, 1997 she hid the telephone from the defendant because she thought he was going to call the child upon whom he had committed incest. The defendant found the telephone and they struggled over the use.[1] According to the woman, the defendant threw her onto the bed and began to choke her. In the course of this altercation the defendant said "if I have to go to jail, you're going to die." The evidence shows that an officer who investigated this case saw marks upon the woman's neck.

---

[1] This was 13 days after the defendant had been placed on probation.

-2-

The record shows that the woman attempted to keep the defendant from going to jail by telling the prosecution that she had lied about what occurred. She was reminded that her sworn affidavit was a part of the record and that if she testified to the contrary she would be prosecuted for perjury.[2] All of the impeaching evidence was shown in the hearing and the woman testified that she spoke the truth when she related how the defendant had assaulted her. The defendant testified contrary to the woman's version.

The trial judge found the woman's story of the assault to be credible and he found the defendant had committed the assault.[3]

The decision to revoke probation rests within the discretion of the trial judge, *State v. Mitchell,* 810 S.W.2d 733 (Tenn. Crim. App. 1991), and it will not be reversed on appeal unless there is a showing of an abuse of that discretion. *State v. Harkins,* 811 S.W.2d 79 (Tenn. 1991). To reverse the judgment, there must be no substantial evidence in the record to support the action of the trial judge. *Id.*

In this case, the trial judge found that the defendant had committed the offense of assault as he was accused. The evidence supports this finding. The trial judge did not abuse his discretion in revoking the previously granted probation.

The judgment of the trial court is affirmed. It appearing that the defendant is indigent, costs of this appeal are taxed to the State.

---

John K. Byers, Senior Judge

---

[2] The indictment for assault was dismissed summarily after the revocation.

[3] The trial judge had indicated that he was concerned about the defendant having contact with the victim. However, he announced he would not consider this because the probation grant did not prohibit this. The defendant raised this as an issue on appeal, but this does not entitle the defendant to relief.

CONCUR:

_____
James Curwood Witt, Jr., Judge


_____
Norma McGee Ogle, Judge