IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 15, 2017

**STATE OF TENNESSEE v. TERRY SHERROD**

**Appeal from the Circuit Court for Montgomery County**
**Nos. 41400411, 41400412  William R. Goodman, III, Judge**
_____

**No. M2016-01112-CCA-R3-CD – Filed February 22, 2017**
_____

Defendant, Terry Sherrod, pled guilty in two separate cases to domestic assault and possession of a Schedule IV drug with the intent to sell or deliver.  As a result of the guilty pleas, he received an effective sentence of four years to be served on Community Corrections.  Subsequently, an affidavit and warrant were filed alleging Defendant violated the conditions of his sentence.  After a hearing, the trial court revoked Defendant's Community Corrections sentence and ordered him to serve the remainder of his original sentence of four years with credit for 580 days.  Defendant appeals the revocation.  After a review, we determine that the trial court did not abuse its discretion by determining that Defendant violated the terms of his Community Corrections sentence.  Accordingly, the judgment of the trial court is affirmed.  However, we remand the case for the entry of proper judgment forms for the charges that were dismissed as a result of the guilty plea.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Jacob W. Fendley, Clarksville, Tennessee, for the appellant, Terry Sherrod.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; John W. Carney, Jr., District Attorney General; and Lee Willoughby, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

In April of 2014, Defendant was indicted in case number 41400411 for one count of aggravated assault and one count of theft of property with a value of less than $500. That same month, Defendant was indicted in case number 41400412 for one count of possession of a Schedule IV drug, Diazepam, with the intent to manufacture, sell, or deliver and one count of simple possession of cocaine. In September of 2015, Defendant pled guilty to one count of domestic assault in exchange for a sentence of eleven months and twenty-nine days and to one count of possession of Diazepam with the intent to sell or deliver in exchange for a sentence of four years. The sentences were to be served concurrently on Community Corrections.[1]

As part of his Community Corrections sentence, Defendant signed and received a form titled "Sentencing Order/Behavioral Conditions of Release" detailing the terms and conditions of Defendant's Community Corrections sentence. Rule 6 ordered Defendant to "[r]emain arrest free; obey the laws of the United States or any State in which he/she may be as well as any Municipal ordinances."

On January 25, 2016, an affidavit and accompanying warrant were filed alleging that Defendant had violated Community Corrections because he "failed to comply with the law & be law abiding." Specifically, the affidavit alleged that Defendant was arrested in Montgomery County on January 20, 2016, for aggravated assault and public intoxication. The warrant was served on Defendant on January 26, 2016.

The trial court held a hearing on the violation on May 5, 2016. Detective Brittany Feinberg of the Clarksville Police Department testified at the hearing. On the night of January 19, 2016, she responded to a call at Ms. Tommy French's apartment about a possible aggravated assault or reckless endangerment. When she arrived she observed three people at the residence including Defendant, Ms. French, and Steve Black. Detective Feinberg believed that all three people were intoxicated. Ms. French had a rather large cut on her arm and told the detective that everyone at the apartment had been drinking. Ms. French told the detective that, at some point, she went into the bathroom. She could hear Mr. Black and Defendant arguing and then heard a loud bang. When she got back into the living room, the men were fighting. Ms. French saw a knife and tried to break up the fight. Defendant cut Ms. French with the knife in the process. Defendant

---

[1] The record does not contain judgment forms disposing of the indicted offenses of theft of property or simple possession. On remand, the trial court should ascertain whether judgment forms exist for these indicted offenses. If there are no judgment forms disposing of these offenses, the trial court shall enter judgment forms for the offenses of theft of property in case number 41400411 and simple possession in case number 41400412. *See State v. Lemaricus Devall Davidson*, ___ S.W.3d ___, No. E2013-00394-SC-DDT-DD, 2016 WL 7339116, at *41 (Tenn. Dec. 19, 2016) (requiring a trial court to prepare a uniform judgment document for each count of the indictment).

apologized for stabbing her. A pocket knife was removed from Defendant's pocket after police arrived. A second knife was found on the floor of the residence and later tested positive for blood. Defendant was arrested.

Detective Feinberg monitored Defendant's calls from the jail after his arrest. During a telephone call to a "Ms. Lorraine," Defendant admitted that he violated his probation but told her that if the victim did not show up in court, it would be beneficial for him. He continued:

> Let me say this in a way you know what I'm talking about. [Ms. French] got one more time to miss, you follow me? All you got to do is tell her don't let them serve her, and I got her back. She know[s] what I mean when I say I got her back; you do too. That way they can't do nothing but reinstatement [of Community Corrections].

According to Detective Feinberg, Ms. French was not cooperative and only appeared in general sessions court after a "material witness bond was issued."

Detective Feinberg admitted to the court that the indictment charged Defendant with aggravated assault but the matter was bound over to the grand jury as reckless endangerment. Ultimately, the Grand Jury returned a "no true bill" declining to indict Defendant for the incident.

At the conclusion of the hearing, the trial court determined that it would not consider any of the statements made by Ms. French because she was not present at the violation hearing. The trial court concluded that Defendant violated Rule 2 of the terms of his Community Corrections, which states that Defendant "shall not use intoxicants of any kind . . . or visit places where intoxicants . . . are being . . . used." The trial court also determined Defendant violated Rule 6, that he remain "arrest free," as well as Rule 11, that he "not engage in any assaultive, abusive, threatening or intimidating behavior . . . [or] behave in a manner that poses a threat to others or [him]self." The trial court reminded Defendant that he did not "get the same privilege as everybody else" when he was on Community Corrections and that "being in the fight in the first place, it violated the terms of his sentence; him being intoxicated . . . is a violation of his sentence with [C]ommunity [C]orrections as well as the fact that he got arrested." The court further explained:

> Here's where we are: We've sat through a trial with [Defendant]; and the basis of that charge, basically he and the woman he's living with got in a fight. And the jury found him - - didn't find that there was proof beyond a reasonable doubt that he assaulted the woman he was living with. We come back then on another case and he enters a plea of guilty and it's for

the same type of activity about beating up women. And he's on [C]ommunity [C]orrections, and low and behold if we're not back here again on assaultive behavior and there's a woman involved. A woman that, there's no dispute that, even though she's not here, she got cut.

Now, I don't know what it is about [Defendant] that has the ability to attract women that keep coming back when they end up getting beat up, you know, I don't know what he has that attracts them, but I'm not going to tolerate this type of behavior. There's no other answer to it other than to keep him out where he can't attract - - keep attracting women back to him to get beat up and to get cut. I find that they've established the violation. He's ordered to serve the balance of his sentence.

Defendant filed a timely notice of appeal.

*Analysis*

*I. Standard of Review*

The decision to revoke a Community Corrections sentence or probation rests within the sound discretion of the trial court. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a Community Corrections placement based upon "the similar nature of a [C]ommunity [C]orrections sentence and a sentence of probation"). The trial court is required only to find that the violation of probation or Community Corrections occurred by a preponderance of the evidence.[2] *See* T.C.A. § 40-35-311(e); *see also id.* § 40-36-106(e)(3)(B). After finding a violation of a defendant's Community Corrections sentence, the "court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community based alternative to incarceration." T.C.A. § 40-36-106(e)(4). In reviewing the trial court's findings, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

---

[2] In *Harkins*, this Court held that a revocation may only be overturned if "the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Harkins*, 811 S.W.2d at 82. The "no substantial evidence language" was called into question after the Sentencing Act was amended to specify the burden of proof as by a preponderance of the evidence. *See, e.g.*, *State v. Farrar*, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011) (applying the no substantial evidence language standard but questioning its continued relevance).

- 4 -

## II. Sufficiency of the Evidence Supporting Revocation

Defendant alleges on appeal that the trial court abused its discretion because he was never actually indicted by the Grand Jury or convicted of any crime as a result of the incident that gave rise to the affidavit and warrant for the violation. Defendant complains about the trial court's admission of hearsay testimony during the violation hearing. The State insists that the trial court had "substantial evidence before it to revoke [Defendant's] [C]ommunity [C]orrections [sentence] and did not abuse its discretion."

The trial court determined that Defendant violated the rules of Community Corrections by getting arrested. The proof at the hearing came from the testimony of Detective Feinberg, wherein she detailed her observations upon arrival at Ms. French's apartment. Detective Feinberg confirmed that Defendant was arrested for aggravated assault and public intoxication. Defendant complains on appeal that the majority of the testimony was hearsay and improperly considered by the trial court. A trial court can admit hearsay evidence at a probation hearing after making a finding as to why the information is reliable and whether good cause justifies the denial of the defendant's right to confront and cross-examine adverse witnesses. *See State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1992); *see also State v. David James Wiley*, No. E2004-01463-CCA-R3-CD, 2005 WL 1130222, at *2 (Tenn. Crim. App. May 13, 2005), *no perm. app. filed*. However, the trial court herein specifically excluded any direct hearsay in the form of statements made by Ms. French because she was not present at the hearing. Instead, the trial court relied on Detective Feinberg's observations at the scene immediately after the incident occurred because she was in a position to observe the demeanor of those present, including Defendant. Thus, we determine that the trial court did not utilize impermissible hearsay in making the determination to revoke Defendant's probation.

Defendant also complains that the revocation was improper because he was merely arrested for public intoxication and was not ultimately indicted for that offense. A revocation of probation can be based on criminal conduct that is the basis of pending charges. *State v. Andrew B. Edwards*, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App. May 26, 2000), *perm. app. denied* (Tenn. Sept. 11, 2000). However, the trial court cannot rely solely on the mere fact of an arrest or an indictment. *Id.* (citing *Harkins*, 811 S.W.2d at 83). Instead, the State must offer proof by a preponderance of the evidence showing that a defendant violated the law. *See State v. Catherin Vaughn*, No. M2009-01166-CCA-R3-CD, 2010 WL 2432008, at *3 (Tenn. Crim. App. June 14, 2010) (noting that proof of a conviction is not necessary but that the State has to "produce evidence in the usual form of testimony" (citing *State v. Walter Lee Ellison, Jr.*, No. 01C01-9708-CE-00351, 1998 WL 272955, at *2 (Tenn. Crim. App. May 29, 1998)), *no perm. app. filed*.

In the case herein, the public intoxication charge was apparently dismissed prior to the revocation hearing. At the hearing, Detective Feinberg testified that when she arrived on the scene, all of the occupants at the apartment appeared intoxicated. After hearing the testimony at the hearing, the trial court clearly accredited the testimony of Detective Feinberg that Defendant was intoxicated when she arrived on the scene and was arrested based on his actions. In other words, the trial court determined that a preponderance of the evidence showed Defendant was guilty of violating Rule 6 of his Community Corrections sentence. The trial court did not abuse its discretion.

### III. Notice of Violations

Lastly, Defendant insists that his due process rights were violated because the trial court determined that he violated Rules 2, 6, and 11 of his Community Corrections "Sentencing Order/Behavioral Conditions of Release" where the affidavit supporting the violation only gave notice that Defendant was being charged with a violation of Rule 6.

Because the guilt of a probationer has already been decided, "the full panoply of rights due a defendant" does not apply to a revocation hearing. *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993) (quoting *Black v. Romano*, 471 U.S. 606, 613 (1985)) (internal quotation marks omitted). However, because a probationer's freedom from incarceration is at stake, certain due process rights do apply. *Id.* A defendant is entitled to the "minimum requirements of due process" during a revocation proceeding, including written notice of the claimed violation. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Generally, "[t]he revocation of probation based on grounds not alleged and noticed to the defendant is a violation of due process." *State v. Chad Allen Conyers*, No. E2004-00360-CCA-R3-CD, 2005 WL 551940, at *4 (Tenn. Crim. App. Mar. 9, 2005), *no perm. app. filed*. When a trial court relies solely upon a ground of which the defendant had no notice, this Court will reverse the judgment of the trial court, even when the evidence in the record would have also supported revocation on the grounds alleged in the violation warrant. *See State v. David L. Baker*, No. M2009-01651-CCA-R3-CD, 2010 WL 2943113, at *5 (Tenn. Crim. App. July 26, 2010), *no perm. app. filed*. However, the trial court's reliance, at least in part, on a ground for revocation not noticed to the defendant has been held to be harmless if the trial court also relied upon properly noticed grounds supported by the evidence. *See State v. David W. Sonnemaker*, No. E2003-01402-CCA-R3-CD, 2004 WL 483239, at *5 (Tenn. Crim. App. Mar. 12, 2004), *perm. app. denied* (Tenn. Oct. 11, 2004); *State v. Ricky Davis*, No. 03C01-9706-CC-00215, 1998 WL 205925, at *2 (Tenn. Crim. App. Apr. 29, 1998).

Defendant was provided with a written notice outlining the violation of Rule 6 of his Community Corrections sentence. Then, at the hearing, the trial court observed that Defendant actually violated more rules than initially alleged. We deem any error

harmless as the trial court determined that the preponderance of the evidence supported the revocation on the basis of a violation of Rule 6.  Moreover, Defendant never raised any issue regarding the sufficiency of the notice before the trial court.  *See* Tenn. R. App. P. 36(a).  We conclude that Defendant's due process rights were not violated through insufficient notice.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed and remanded to the trial court.  On remand, the trial court should determine if proper judgment forms exist for the theft of property and simple possession charges in case numbers 41400411 and 41400412.  If there are no judgment forms disposing of these charges, the trial court shall enter the appropriate judgment forms.

_____
TIMOTHY L. EASTER, JUDGE