IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2021

**STATE OF TENNESSEE v. JASON BURCHFIELD**

**Appeal from the Circuit Court for Blount County
No. C-22047, C-22048     Tammy M. Harrington, Judge**
_____

**No. E2020-01369-CCA-R3-CD**
_____

The trial court revoked the community corrections sentence of the defendant, Jason Burchfield, and ordered him to serve the remainder of his sentence in confinement. On appeal, the defendant contends that, while he did violate the terms and conditions of his alternative sentence, the trial court's full revocation of his sentence was excessive and constituted an abuse of discretion. After a thorough review of the record, the applicable law, and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal), and Mack Garner, District Public Defender, Maryville, Tennessee (at trial), for the appellant, Jason Burchfield.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Mike Flynn, District Attorney General; and Tyler Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On September 20, 2013, the defendant pled guilty to one count each of felony failure to appear and promotion of methamphetamine manufacturing for which he received sentences of one year and two years, respectively. As part of his negotiated plea, the defendant's sentences were ordered to be served consecutively to one another and

consecutively to a prior conviction and sentence from Monroe County. Additionally, the defendant was placed on community corrections as an alternative to incarceration.

In January 2015, the trial court found the defendant violated the terms of his sentence by diluting his drug screen. As a result of his violation, the trial court revoked the defendant's community corrections sentence and re-sentenced the defendant to serve twenty-five days in jail and then return to community corrections.

On December 15, 2017, it was again determined that the defendant violated the terms of his sentence by failing a drug screen, missing a mandatory office visit, and failing to provide his case officer with his new address. As a result of these violations, the trial court revoked the defendant's community corrections sentence and re-sentenced the defendant to a term of 240 days in jail followed by a return to community corrections. The defendant was released from jail and returned to community corrections in March 2018.

A third violation warrant was issued on June 19, 2018, alleging the defendant had violated the terms of his sentence by missing two home curfew checks, two mandatory office meetings for missing the two curfew checks, and three monthly mandatory office meetings. Additionally, the warrant alleged the defendant "has absconded from community corrections supervision and his whereabouts are unknown."

A revocation hearing was held on September 14, 2020, during which Mr. Sam Coffey, the defendant's community corrections case officer, testified concerning the defendant's most recent violations. According to Mr. Coffey, the violation warrant for the defendant was based on a missed monthly report in May 2018, two missed home visits in June 2018, and missed mandatory office visits. During his two attempted curfew checks, Mr. Coffey spoke to the defendant's neighbors. On the first visit, the neighbors told Mr. Coffey that they did not know where the defendant was. On his second curfew check, the defendant's neighbors informed Mr. Coffey that the defendant had not been home for several days.

The defendant testified that Mr. Coffey was telling the truth. The defendant acknowledged he was supposed to report to Mr. Coffey once a month but stopped reporting in late May 2018 when his mother was diagnosed with cancer. The defendant testified he stayed at the hospital with his mother for approximately three weeks; therefore, he was not at home when Mr. Coffey visited his residence. The defendant admitted that he did not contact Mr. Coffey regarding his mother's condition or his whereabouts. The defendant claimed he had lost Mr. Coffey's phone number.

After his mother died, the defendant went to live with his brother in Monroe County and stayed there for two years without notifying Mr. Coffey. The defendant agreed he was

supposed to report to community corrections but claimed he thought his supervision had ended. The defendant acknowledged he did not talk to Mr. Coffey about this belief.

The defendant acknowledged that he had been on probation before and knew he had to report. He also agreed that this was his third violation of his current community corrections sentence.

At the conclusion of the hearing, the trial court reviewed the defendant's prior violations, noting that the defendant violated community corrections in January 2015 by adulterating a drug screen, that his probation was revoked, and that he served twenty-five days before returning to community corrections and that the defendant violated community corrections again in November 2016 by failing a drug screen, failing to make a mandatory office visit for a drug screen, and failing to provide his new address and phone number, and that the defendant served 240 days before returning to community corrections. The trial court then noted that the defendant was released from confinement in March 2018 and that the most recent warrant was filed on June 19, 2018.

The trial court found that the defendant absconded from community corrections and missed office visits, curfew checks, and home visits. The defendant provided no explanation for his two-year absence other than his testimony that he spent three weeks at the hospital with this mother. The trial court concluded that the defendant was on a third violation, that he had a history of failing to report, and that his original conviction was for felony failure to appear. The trial court also found no explanation for the defendant's actions other than a desire to not be on community corrections. Therefore, the trial court revoked the defendant's community corrections sentence and ordered him to serve the balance of his original sentence in confinement.

*Analysis*

On appeal, the defendant contends that the trial court abused its discretion when it revoked his community corrections sentence. He asserts that the full revocation of his sentence is "excessive" and a more appropriate remedy would be split confinement. The State contends that the trial court was within its discretion when it revoked the defendant's community corrections sentence and ordered service of the original sentence minus the appropriate jail credits. We agree with the State.

The procedures for revocation of probation and community corrections are similar, and the same legal principles apply. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). A trial court may "revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of his probation or suspended sentence by a preponderance of the evidence." *Id.* at 82 (citing Tenn. Code Ann. § 40-35-311); *see* Tenn.

Code Ann. § 40-36-106(e)(3)(B). Proof of a violation "need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *Harkins*, 811 S.W.2d at 82.

On appeal, this Court will review a trial court's decision to revoke a community corrections sentence under an abuse of discretion standard of review. *Id.* To find an abuse of discretion, the record must contain no substantial evidence to support the conclusion of the trial judge that a violation has occurred. *Id.* In reviewing the trial court's findings, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Once a trial court has found sufficient evidence of a violation, the trial court has the authority to revoke the community corrections sentence. Tenn. Code Ann. § 40-36-106(e). Then, the trial court has the option to "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration. Tenn. Code Ann. § 40-36-106(e)(4).

The record contains overwhelming evidence presented during the revocation hearing to prove the defendant violated the conditions of his community corrections sentence. The defendant missed several mandatory meetings, failed to be at home when checked upon, and moved, without permission from his case officer, to another county for two years without notifying his case officer that he was moving, and failed to contact him after moving. By his own admission, the defendant has been unable to comply with multiple opportunities to complete an alternative sentence, having had his community corrections sentence revoked on two prior occasions. Thus, the trial court did not abuse its discretion when it revoked the defendant's community corrections sentence and ordered him to serve the remainder of his original sentence in confinement. The defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE

- 4 -