# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 21, 2004

## STATE OF TENNESSEE v. ROBERT LEE MALLARD

### Direct Appeal from the Circuit Court for Rutherford County
### No. 46763    J. Steve Daniel, Judge

### No. M2003-00953-CCA-R3-CD - Filed August 31, 2004

The defendant, Robert Lee Mallard, appeals the revocation of his probation relating to his convictions for attempting to tamper with evidence and resisting arrest. On appeal, the defendant contends: (1) the trial court erred in revoking his probation; (2) the drug tests administered by the probation officers constituted improper body cavity searches; and (3) the drug tests violated his right to privacy. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOE G. RILEY, SP. J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Darwin K. Colston (on appeal) and John H. Baker, III (at hearing), Murfreesboro, Tennessee, for the appellant, Robert Lee Mallard.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Thomas F. Jackson, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was convicted of attempting to tamper with evidence, a Class D felony, and resisting arrest, a Class B misdemeanor. *See* Tenn. Code Ann. §§ 39-16-503(a)(1) (evidence tampering); -602(a) (resisting arrest). He received an effective sentence of four years probation. A probation violation warrant was subsequently issued against the defendant. Following a hearing, the trial court revoked the defendant's probation and ordered him to serve his original sentence in confinement.

During the revocation hearing, Cheryl Jackson, the defendant's probation officer, testified the defendant violated the terms of his probation by testing positive for cocaine. AEGIS Laboratory confirmed the results of the defendant's drug screen. Jackson stated the defendant further violated the terms of probation by failing to pay probation fees, failing to pay court costs and fines, failing to obtain a drug and alcohol assessment from the Guidance Center, and failing to perform 100 hours of community service at a rate of eight hours per month. Jackson acknowledged the defendant had successfully completed an extensive substance abuse treatment program at the "VA."

Jackson testified the defendant was found to be in violation of the terms of his probation on a prior occasion. The defendant's last violation order stated he would be required to serve his original sentence in confinement if he incurred any further violations.

In revoking the defendant's probation, the trial court found the defendant failed a drug screen; did not pay the required fees, fines, and court costs; and did not perform the required amount of community service.

## I. PROBATION REVOCATION

The defendant contends the evidence is insufficient to establish that he violated the terms of his probation and that the trial court abused its discretion in revoking his probation. We disagree with the defendant's contentions.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

Jackson, the defendant's probation officer, testified the defendant violated the terms of his probation by testing positive for cocaine; failing to pay required fees, fines, and court costs; and failing to perform the required amount of community service. The defendant did not testify at the revocation hearing. Furthermore, no evidence was presented contradicting the probation officer's testimony as to these three violations. We conclude the evidence establishes by a preponderance of the evidence that the defendant violated the terms of his probation. Therefore, the trial court did not abuse its discretion in revoking the defendant's probation.

## II. REMAINING ISSUES

The defendant maintains the drug screens administered by probation officers constituted impermissible body cavity searches and violated his right to privacy. However, the defendant failed to cite to any authority in his brief to support his assertions. He concedes he was unable to locate any such authority. We are also unable to locate authority supporting the defendant's contentions. Thus, this issue is waived. Tenn. Ct. Crim. App. R. 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, SPECIAL JUDGE