# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2011

## STATE OF TENNESSEE  v.  LANDON CHRISTOPHER MCGAHEE

**Appeal from the Criminal Court for Hamilton County**
**No. 261658      Don W. Poole, Judge**

---

**No. E2011-00788-CCA-R3-CD - Filed November 23, 2011**

---

The Defendant, Landon Christopher McGahee, pled guilty to five counts of burglary of an automobile and was sentenced to serve six years on community corrections.  He appeals as of right from the Hamilton County Criminal Court's revocation of his community corrections sentence and order of incarceration.  The Defendant contends that the trial court erred by ordering four years of the previously imposed sentence to be served in confinement. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Ardena J. Garth, District Public Defender, and Richard Kenneth Mabee, Assistant Public Defender, for the Defendant, Landon Christopher McGahee.

Robert E. Cooper, Jr., Attorney General and Reporter;  Leslie E. Price, Assistant Attorney General; William H. Cox, District Attorney General; Bates W. Bryan, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 9, 2007, the Defendant pled guilty to five counts of burglary of an automobile. Pursuant to the plea agreement, the trial court sentenced the Defendant to serve two years for each offense.  The first three counts of burglary were to run consecutively to each other, with the remaining two counts to run concurrently, for a total effective sentence of six years.  In lieu of incarceration, the court placed the Defendant on community corrections.

On August 27, 2009, the trial court issued a capias for the Defendant's arrest based on allegations that he violated his community corrections sentence by failing to report to his probation officer, acquiring an additional charge and testing positive for marijuana. Following a hearing, the trial court revoked the Defendant's community corrections sentence and re-sentenced the Defendant to serve six months in confinement with the remainder of the sentence to be served on community corrections.

Less than a year later, on June 2, 2010, the court issued a second capias for the Defendant's arrest based on the allegation that he had failed to report to his probation officer on four separate occasions. This capias was amended on January 25, 2011, to include the additional allegation that the Defendant had acquired new charges. A revocation hearing was held on March 7, 2011.

At the hearing, the Defendant's probation officer, Russell Craig, testified that the Defendant was assigned to his caseload on November 4, 2009, after the first revocation was sustained. He then testified that on May 4, 2010, the Defendant failed to report to a mandatory meeting. Mr. Craig also testified that, on May 11th, 18th, and 25th, the Defendant also failed to report. Mr. Craig then explained that he requested a capias from the court for the Defendant's habitual failure to report -- which constituted a violation of the Defendant's terms of release. Mr. Craig also explained that he filed an addendum to his report on January 19, 2011, because the Defendant had been arrested for especially aggravated kidnaping, aggravated assault, and aggravated burglary. The Defendant was subsequently convicted of two offenses stemming from those charges.

Regarding the new charges, the Defendant testified that had an altercation with a female he was dating after she found out that he had been unfaithful, and she wrongfully pressed charges against him. As a result of this altercation, the Defendant was charged with especially aggravated kidnaping, aggravated assault, and aggravated burglary. While he admitted to the court that he acquired additional charges while on community corrections and "pled guilty [to them] in Sessions Court," the Defendant maintained that his decision to plead guilty had nothing to do with his guilt but more so his fear of acquiring "another felony" on his record. According to the Defendant, because the charge was "reduce[d] ... down to [a] misdemeanor" and the prosecution "wasn't willing to dismiss [the charges]," he felt that accepting the plea was in his "best interest." Nevertheless, the Defendant essentially did not contradict any of the testimony presented by the State.

The trial court revoked the Defendant's community corrections sentences and ordered him to serve four years in confinement for two of the five convictions. For the remaining three charges, the court sentenced the Defendant to intensive probation for two years. On April 5, 2011, the Defendant filed a timely notice of appeal.

ANALYSIS

The Defendant does not challenge the trial court's decision to revoke his community corrections sentence. Instead, the Defendant contends that the trial court erred by ordering him to serve four years of his sentence in confinement. The Defendant argues that the trial court abused its discretion in ordering his incarceration for four years because at the time of his revocation hearing he had not failed a drug screen, was employed, and had paid all of his probationary fees. The State contends that the trial court properly revoked the Defendant's community corrections sentence and that it was within the trial court's discretion to order the Defendant to serve four years of his sentence in confinement.

The decision to *revoke* a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation occurred. State v. Harkins, 811 S.W.2d 79, 84-83 (Tenn. 1991) (*emphasis added*). In reviewing a trial court's findings, this court must examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence "resentence the defendant to any appropriate sentencing alternative, including incarceration..." Tenn. Code Ann. § 40-36-106(e)(4).

The record in this case reveals that the State presented sufficient evidence to establish that the Defendant violated the terms of his community corrections sentence. Mr. Craig, the Defendant's probation officer, testified that the Defendant had failed to report to mandatory meetings on several occasions. He also testified that the Defendant had acquired additional charges after the initial revocation was sustained. Additionally, the Defendant admitted that he acquired additional charges and "pled guilty [to them] in Sessions Court." The defendant also admitted that he violated the terms of his community corrections sentence, on more than one occasion.

Once the State has met its burden to prove a violation, the trial court has broad authority to re-sentence a defendant "to any appropriate sentencing alternative, including incarceration." Tenn. Code Ann. § 40-36-106(e)(4). The record shows that the trial court made a conscientious judgment in deciding to incarcerate the Defendant. The trial court determined that incarceration was necessary because the Defendant had previously violated the terms of his release and had "completely disregarded community corrections." However, the trial court also considered favorable factors presented by the Defendant and ordered split confinement rather than full incarceration. There is simply no evidence in the record to

-3-

suggest that the trial court abused its discretion in this matter.  Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE