IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 24, 2012

## STATE OF TENNESSEE v. JAMES WILLIAM FLOYD

**Direct Appeal from the Circuit Court for Blount County**
**No. C-19894     Tammy Harrington, Judge**

_____

**No. E2012-00907-CCA-R3-CD - Filed January 7, 2013**

_____

Defendant, James William Floyd, pled guilty in the Blount County Circuit Court to the offense of robbery. Pursuant to a negotiated plea agreement, Defendant received a sentence of four years to be served by split confinement with incarceration of 49 days and the balance on supervised probation. He was released from jail on June 3, 2011, to begin the probation portion of his sentence. On March 9, 2012, a probation violation warrant was issued. Following a hearing, the trial court revoked probation and ordered him to serve the balance of his sentence by incarceration. Defendant appeals, and does not challenge the revocation of probation, but argues that the trial court erred by ordering the entire sentence to be served by incarceration. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and D. KELLY THOMAS, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee, (on appeal); Raymond Mack Garner, District Public Defender; and George Waters, Assistant Public Defender, Maryville, Tennessee, (at trial), for the appellant, James William Floyd.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Gregory Scott Dunkel, Defendant's probation officer, testified that Defendant was arrested in Knox County on February 7, 2012, for the offenses of domestic assault and public

intoxication. On February 8, a report from the Knoxville Police Department to Mr. Dunkel notified him of the public intoxication arrest, but not the arrest for domestic assault. Defendant met with Mr. Dunkel on February 10. At that meeting Defendant filled out a monthly report form. One of the questions on the form asks the probationer whether he had been arrested or questioned by police since he last reported to the probation officer. Defendant answered "no" to this question.

Mr. Dunkel stated that he required probationers to report a new arrest within twenty-four hours. When faced with Defendant's blatant misrepresentation, Mr. Dunkel sent Defendant an "administrative committee letter" requiring him to attend a meeting of that committee on February 23. At that meeting, Defendant again answered "no" when questioned about having been arrested while on probation. Defendant subsequently admitted the public intoxication arrest when confronted by the administrative committee. However, he still did not volunteer the fact that he had also been arrested for domestic assault on the same day in Knox County.

Regarding the public intoxication charge, Defendant admitted during the administrative hearing that he had been drinking alcoholic beverages with some friends in Knox County. This admission by Defendant substantiated two probation violations: consumption of alcoholic beverages and travel outside of Blount County without permission of his probation officer. Mr. Dunkel called the court clerk's office in Knox County after the administrative committee meeting to see if the public intoxication charge had been resolved. During this conversation, Mr. Dunkel first learned of Defendant's charge of domestic assault. Regarding his lack of candor with both Mr. Dunkel and the administrative committee, Defendant testified at the revocation hearing,

> A.   I went in and I filled the paper out. I knew I should have told him the truth and told him that I had caught another case in Knox County. And I knew that he knew as soon as I went back there. But I thought he knew about both of them actually. And he said it was just on the drinking. But I knew that he knew. And I knew I should have told him. And I ain't saying that I - - I mean, I know I was wrong for not saying. . .
>
> . . .
>
> Q.   Now, on February 23rd, you came to the probation office for an ACRC meeting; correct?

A.    Yes, sir.  And my - - the best knowledge - - I thought they knew about the domestic [assault] with the [public intoxication].  I got arrested at the same time.  I mean, I know that it didn't get brought up and I wasn't going to bring it up if they wasn't going to bring it up.  I mean, that's how it was.  And I'm sorry.

Defendant admitted at the revocation hearing that he was out of control when he was intoxicated in Knox County and that he had violated conditions of his probation.  Defendant also testified however, that he had maintained employment, obtained custody of his children, and generally followed most of the other rules of probation.  On cross-examination by Defendant's counsel, Mr. Dunkel acknowledged several conditions of probation dutifully followed by Defendant.

Defendant's counsel acknowledged that Defendant had violated probation, and asked the trial court to order a sentence of split confinement with "enhanced" rather than "regular" probation following a term of incarceration.  Specifically, Defendant suggested a period of incarceration of 90 days.  The State asked the trial court to order Defendant to serve by incarceration the balance of the sentence following revocation of probation.

At the conclusion of the revocation hearing the trial court made the following findings of fact and ruling:

So, what we have here is someone who was before the Court back on June 3rd, 2011, and [pled] guilty to a robbery offense.  That offense, by it's very definition, involves a crime of violence.  And you knew that, [Defendant], when you [pled] guilty to it.  You were placed on probation after a split confinement.  I believe you served 49 days and you were released that day.  You are now before the Court having two new arrests, failing to report the arrests, drinking, and you were out of county without permission.

. . .

I understand [Defendant]'s argument, through counsel, that given his history he's actually been doing better.  I think that was the way that that was phrased.  And [Defendant], that may be true, but you need to understand that the Court has to look at your history as a whole and your prior attempts at supervision. And in 2004, I believe you testified you were only out 26 days and you had to go back to prison.

. . .

It is always a difficult situation, no matter how clear cut the violation is, to determine what to do with someone who is before the Court on a violation. It is no simple matter that you didn't report your arrests; it is no simple matter that what you have stated to me about the level of intoxication that you have engaged in; it is no simple matter that you were on probation for a violent offense. [Defendant], I have no other choice based upon the allegations that have now been proven by a preponderance of the evidence to revoke you to serve the balance of your sentence.

On appeal Defendant acknowledges that he committed "technical violations of probation," and continues to maintain that the trial court should have ordered another sentence of split confinement rather than total incarceration for the balance of his sentence. The State asserts that the judgment of the trial court should be affirmed. We agree with the State.

It is well settled that a trial court has the authority to order incarceration of a defendant for the entire term of the sentence when the defendant's probation has been revoked. Tenn. Code Ann. §§ 40-35-310(a), 40-35-311(e)(1)(a); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. At Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn., June 28, 1999). The trial court did not err in this case by ordering Defendant to serve his sentence by incarceration.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-