IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 2, 2016

**JOEY GODWIN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Gibson County**
**Nos. 9061, 9088       Clayburn Peeples, Judge**

_____

**No. W2015-01535-CCA-R3-PC   -   Filed July 13, 2016**

_____

The petitioner, Joey Godwin, appeals the denial of his petition for post-conviction relief. The petitioner is currently serving two consecutive thirty-year sentences for his two convictions for sale of .5 grams or more of cocaine. On appeal, he contends that the post-conviction court erred in denying his petition because he received ineffective assistance of counsel. Specifically, he contends that trial counsel was ineffective by: (1) not allowing the petitioner to testify at his trial; (2) failing to file a motion for change of venue; and (3) advising the petitioner to reject a twelve-year plea offer from the State. Following review of the record, we conclude that the post-conviction court did not err and affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

William J. Milam, Jackson, Tennessee, for the Appellant, Joey Godwin.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Garry Brown, District Attorney General; and Hillary Lawler Parham, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background and Procedural History

The facts underlying the petitioner's two convictions for sale of cocaine over .5 grams are set forth in great detail in this court's direct appeal opinion. *See State v. Joey Goodwin*, No. W2013-01602-CCA-R3-CD, 2014 WL 895497. *1-3 (Tenn. Crim. App. Mar. 6, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014). In summation, the Drug Task Force of the Humboldt Police Department conducted a seven-month-long undercover operation targeting drug trafficking in public housing. As part of that operation, a confidential informant ("CI") with experience working undercover for multiple law enforcement agencies was placed in public housing as a resident. The CI was paid for each drug transaction he participated in, and he was furnished housing and utilities as part of his agreement. *Id*.

While undercover, the CI met the petitioner and obtained his phone number. On two subsequent occasions, the CI contacted the petitioner to set up controlled purchases of illegal drugs. Prior to meeting with the petitioner on each of the two occasions, the police followed standard procedure and searched the CI and his vehicle, as well as equipping him with audio and visual monitoring equipment. Officers monitored the drug buys from nearby locations and, after each transaction, the CI met with officers and surrendered the drugs he had purchased. The product surrendered to the police officers by the CI on each occasion was later determined to be .86 grams and .7 grams of cocaine base substance. *Id*.

During the first transaction, the petitioner was captured on video, and his car and license plate were also recorded. During the second transaction, the petitioner drove a different automobile and failed to lower the car's window fully, which created a glare on the video and prevented police from capturing his image. However, the audio recording was clear, and the voice on the recording was similar to the petitioner's voice recorded during the first transaction. Additionally, the CI definitively identified the petitioner as the seller in both transactions. *Id*.

The petitioner was tried on the charges, but a mistrial was declared based upon a hung jury. At the petitioner's second trial, the State presented only the testimony of a drug task force officer and the CI. The defense presented no proof. Following deliberations, the jury found the petitioner guilty as charged on two counts of sale of a Schedule II controlled substance, cocaine, weighing .5 grams or more. The petitioner was subsequently sentenced to two consecutive terms of thirty-years to be served in the Department of Correction. The petitioner timely filed a direct appeal challenging his convictions, but this court affirmed. *Id*.

Next, the petitioner filed the instant petition for post-conviction relief alleging, among other grounds, that he was denied his right to the effective assistance of counsel. A hearing was subsequently held at which both the petitioner and trial counsel testified.

The petitioner testified that trial counsel was appointed to represent him during his second trial and that he met with her on three occasions prior to the trial. According to the petitioner, he informed trial counsel early in the representation that he wanted to testify in his own defense. However, he acknowledged that he later changed his mind and informed trial counsel as such. The petitioner testified that, on the day of trial, he again changed his mind and decided that he wanted to take the stand. The petitioner claimed that when he informed trial counsel of his decision, she advised him that it was not in his best interest to testify because his past criminal history would be used against him. According to the petitioner, even after he received trial counsel's advice, he still wanted to testify and believed that his testimony would have led to a different outcome of the trial.

The petitioner further testified that he asked trial counsel to file a motion for a change of venue. The petitioner stated that he did not believe that he could get a fair trial in the county where he was charged because he was well known in the area. No motion was filed.

The petitioner also testified regarding a plea offer made by the State for two consecutive twelve-year sentences, resulting in an effective total sentence of twenty-four years. According to the petitioner's argument, trial counsel advised him to reject the offer. He acknowledged that trial counsel had reviewed the offer with him and that he had made the decision not to accept the offer and to proceed to trial. He testified, however, that after the commencement of the proceedings, specifically when he saw the racial composition of the jury, he decided it would be in his best interest to accept the plea. The petitioner testified that he asked trial counsel if the offer was still available, but trial counsel did nothing to pursue the matter.

The petitioner testified that he had rejected the plea offer from the State for the effective twenty-four year sentence in the first trial. The petitioner acknowledged that he did not testify in his defense at the first trial, which resulted in a hung jury. The petitioner stated that his first trial counsel had advised him against testifying because of his history of numerous prior convictions for drug related charges. The petitioner also testified that he did not request that a change of venue motion be filed in the first trial. The petitioner testified that he was, nonetheless, satisfied with his first trial counsel's performance during that representation.

-3-

Trial counsel testified at the hearing, stating she assumed representation of the petitioner from his original trial counsel after the first trial resulted in a hung jury. Trial counsel recalled that the State extended the same consecutive twelve-year sentences plea offer to the petitioner which had been offered during the first proceeding. She testified that she and the petitioner discussed the State's offer, and the petitioner chose to reject the offer. She was not aware of his decision ever changing despite the fact that she advised him on multiple occasions to accept the offer. Despite trial counsel's attempt to convince the State to offer concurrent sentencing for the two convictions as part of the offer, the State refused, and the petitioner refused to accept an offer which contained consecutive sentencing. Trial counsel specifically testified that the petitioner did not ask her about the plea offer after the jury had been selected. She also noted that she did not recall any abnormalities during jury selection, that none of the jurors knew the petitioner, and that she exercised all of her peremptory challenges.

In contradiction to the petitioner's testimony, trial counsel testified that the petitioner never requested that she file for a change of venue. According to trial counsel, by the time the case went to trial, there was no publicity, and, she did not believe the case was an appropriate one for a change of venue. Trial counsel testified that, had she filed a venue motion, she did not believe that it would have been granted.

Trial counsel acknowledged that she did advise the petitioner not to testify because of his prior convictions. However, she maintained that she did not coerce or prevent him from taking the stand. Additionally, trial counsel testified that she met with the petitioner between six and ten times prior to trial, and she felt it was a sufficient number of times to adequately prepare the petitioner and defend him at trial.

After hearing the evidence presented, the post-conviction court denied the petition for relief. The petitioner has timely appealed that denial.

**Analysis**

On appeal, the petitioner contends that he was denied his right to the effective assistance of counsel and is, thus, entitled to post-conviction relief. Specifically, he contends that the post-conviction court erred in denying relief because the record established ineffective assistance of counsel based upon trial counsel's: (1) preventing the petitioner from testifying; (2) failing to file a motion for change of venue; and (3) advising the petitioner to reject the State's plea offer.

-4-

In order to obtain post-conviction relief, a petitioner must prove that his or her conviction or sentence is void or voidable because of the abridgement of a right guaranteed by the United States Constitution or the Tennessee Constitution. T.C.A. § 40-30-103 (2010); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). A post-conviction petitioner must prove allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.2d 674, 679 (Tenn. 2000).

A criminal defendant has a right to "reasonably effective" assistance of counsel under both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to effective assistance of counsel is inherent in these provisions. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Dellinger*, 279 S.W.3d at 293. To prove ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice to the defense. *Strickland*, 466 U.S. at 687-88. Failure to satisfy either prong results in the denial of relief. *Id.* at 697.

For deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms, despite a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-89. "In other words, the services rendered or the advice given must have been below 'the range of competence demanded of attorneys in criminal cases.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The petitioner must prove that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. When reviewing trial counsel's performance for deficiency, this court has held that a "petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). The reviewing court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689). However, "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Prejudice in turn requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 461 U.S. at 694. In *Strickland,* the Supreme Court noted that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. The Court clarified that prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A claim of ineffective assistance of counsel raises a mixed question of law and fact. *Burns*, 6 S.W.3d at 461; *Grindstaff*, 297 S.W.3d at 216. Consequently, this court reviews the trial court's factual findings de novo with a presumption of correctness, unless the evidence preponderates against the trial court's factual findings. *Grindstaff*, 297 S.W.3d at 216. But the trial court's conclusions of law on the claim are reviewed under a purely de novo standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

In its oral ruling from the bench, the post-conviction court made the following findings when denying relief:

> It's very clear that [trial counsel's] representation in this case not only met but exceeded the requirements of a competent attorney here in west Tennessee.
>
> It's also clear both from the testimony and from the record that the [petitioner] not only was not deprived of his right to testify, but was given every opportunity to do so.
>
> It's also clear from the evidence that not only was he not advised to reject the plea offered by the State, but that he was strongly advised to accept it.
>
> With regard to the change of venue, there is nothing whatsoever in the record to indicate that a change of venue would have been appropriate had it been asked for; no reason whatsoever for defense to have - - no legal reason whatsoever for the defense to have done that.
>
> . . . .
>
> The evidence in this case was overwhelming against the [petitioner]. That's one reason the Court went to great pains to make certain that the [petitioner] understood completely what he was facing in terms of length of

sentence, in terms of consecutive sentences, in terms of enhancing factors, to make absolutely certain that he knew the consequences that awaited should he be found guilty and the likelihood that he would be found guilty, so I find that his petition should be denied in its entirety because of these reasons.

The court made additional findings in the written order memorializing its decision to deny relief:

[Trial counsel] testified that she did not refuse to allow him to testify, that she put on the record that it was the [petitioner's] decision not to testify in his defense. [Trial counsel] further testified that she recommended to the [petitioner] not to testify in hope that the jury would not discover his extensive criminal record. [Trial counsel] testified that she did not request a venue change because there was no publicity and she felt that any motion for venue change would be frivolous. [Trial counsel] testified that she strenuously urged the [petitioner] to accept the State's offer; however, he chose as he clearly identified on the record that he wanted to go to trial.

The [petitioner] admitted on cross examination that he was satisfied with the representation he received from [his original trial counsel]. He admitted that the offer never changed after he chose to go to trial in February. He also admitted that he did not testify in his first trial.

. . . .

Petitioner has failed to present by clear and convincing evidence that [trial] counsel's performance was deficient or that any prejudice occurred as required by the criteria of *Strickland v. Washington* . . . . Furthermore, the record establishes that [trial] counsel's representation did meet the standard of *Baxter v. Rose* . . . .

A review of the petitioner's argument reveals that the argument is entirely premised upon his own testimony. While the petitioner did testify at the hearing that he wanted to testify at trial, that he asked trial counsel to file a venue motion, and that he told trial counsel after jury selection that he wanted to accept the plea agreement, his argument ignores trial counsel's testimony at the hearing. She specifically testified that, while she advised the petitioner not to testify, she did not coerce or prevent him from doing so. Moreover, she testified that the petitioner did not request that she file a venue motion and that she saw no need for one in this case. She also testified that she encouraged the petitioner to accept the State's offer on multiple occasions and that he refused to do so. Trial counsel specifically testified that at no point after jury selection

did the petitioner ask about accepting the plea agreement. From a reading of the post-conviction court's findings, it is clear that the court implicitly accredited trial counsel's testimony over that offered by the petitioner. As has been noted on multiple occasions by this court, it is not the province of this court to reweigh or re-evaluate credibility determinations made by a fact finding court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). It is the trier of fact who hears the witnesses and observes their demeanor, and it is they who are in the optimal position to make such credibility assessment. We will not disturb those findings on appeal.

With the discounting of the petitioner's testimony, there is simply nothing in the record which would support his argument. As such, like the post-conviction court, we can reach no conclusion other than that the petitioner was not denied his right to the effective assistance of counsel.

Moreover, we must also note that the petitioner's quest for relief was foreclosed by his failure to present certain evidence at the post-conviction hearing. While the petitioner testified that he wanted to testify at his trial, he failed to offer any substantive evidence at the hearing of what his testimony would have been. This court has also noted numerous times that a court may not speculate as to what testimony would have been. When a claim of ineffective assistance of counsel is based on the failure to submit proof, *i.e.*, the petitioner's testimony, there must be a showing of what the evidence would have been. *Davis v. State*, 912 S.W.2d 689, 698 (Tenn. 1995). The petitioner also failed to enter any proof into evidence that a change of venue motion would have been successful even if filed. As such, no relief would have been forthcoming on that issue. With regard to the petitioner's argument regarding accepting the guilty plea, his own testimony was that trial counsel urged him to accept the agreement several times. Nothing indicates that she ever advised the petitioner to reject the agreement. The only dispute is whether the petitioner told trial counsel that he wanted to accept the agreement after jury selection. Trial counsel testified that the petitioner did not. Regardless, the petitioner failed to even establish that the offer was still pending from the State after the beginning of the trial.

The record before us indicates that trial counsel made valid strategic decisions in the petitioner's case. She advised the petitioner not to testify because of his criminal history, she saw no basis for a motion for change of venue, and she repeatedly encouraged the petitioner to accept a plea agreement because the evidence against him was overwhelming. Valid strategic decisions, even if unsuccessful, cannot be second-guessed in hindsight. *See Adkins*, 911 S.W.2d at 347. We likewise note, as did the post-conviction court, that the petitioner did not appear to have found fault with the same strategic decisions exercised in his first trial. That fact tends to support the conclusion that the petitioner is actually dissatisfied with the results of his trial rather than trial counsel's actions. Because nothing in the record preponderates against the

post-conviction court's conclusions, we must conclude that the denial of relief was appropriate.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed

_____
JOHN EVERETT WILLIAMS, JUDGE