IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 3, 2018

## STATE OF TENNESSEE v. MARCUS S. AKINS

**Appeal from the Circuit Court for Dyer County**
**No. 16-CR-125A    R. Lee Moore, Judge**

_____

### No. W2017-01538-CCA-R3-CD

_____

The Defendant, Marcus S. Akins, appeals as of right from the Dyer County Circuit Court's revocation of his probation and order of incarceration for the remainder of his three-year sentence. The Defendant contends that the trial court abused its discretion in ordering execution of his sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

James E. Lanier, District Public Defender; and Sean P. Day, Assistant District Public Defender, for the appellant, Marcus S. Akins.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

On June 13, 2016, the Dyer County Grand Jury returned an indictment charging the Defendant with one count of robbery under Tennessee Code Annotated section 39-13-401. On July 19, 2016, the Defendant pled guilty to the robbery charge and received a sentence of three years, suspended to supervised probation after service of ninety days in confinement. Additionally, the trial court ordered the Defendant to pay court costs and $2,000 in restitution to the victim at a minimum rate of $75 per month.

On December 5, 2016, the Defendant's probation officer filed a probation violation report, citing that the Defendant violated his probation by testing positive for marijuana, amphetamines, methamphetamines, and benzodiazepines on November 3, 2016. According to the probation report, the Defendant also: (1) failed to report to his probation officer as instructed, (2) failed to attend his "Job Readiness Class," (3) failed to pay supervision fees, court costs, and restitution, and (4) had outstanding arrest warrants from the Dyersburg Municipal Court for violation of probation and theft under $500. The Defendant explained his absences from the "Job Readiness Class" by claiming that the relevant mail never arrived. On February 28, 2017, after the Defendant admitted to the violations, the Circuit Court for Dyer County partially revoked the Defendant's probation and ordered that he serve an additional six months in the Dyer County Jail before returning to probation.

On April 14, 2017, the Defendant was released from jail to serve out the remainder of his three-year sentence on supervised probation. On May 2, 2017, the Defendant's new probation officer, Mr. Darrell McElrath, filed a second probation violation against the Defendant for having failed another drug screening on May 1, 2017, by testing positive for marijuana and methamphetamine. The Defendant also signed an admission form stating that he had used both of the illegal drugs prior to the failed test.

The Dyer County Circuit Court held a probation revocation hearing on July 10, 2017. At the hearing, Mr. McElrath testified that while failing a drug screening does not always precipitate the filing of a probation violation report, "[W]e have a policy of … no tolerance on methamphetamines." Mr. McElrath also did not dispute that the Defendant had admitted to him before taking the drug test that he was not going to pass it. The Defendant then testified that although he admittedly failed several drug tests, he wanted to get professional help for his drug addiction problem, including participation in a rehabilitation program.

At the conclusion of the hearing, the trial court ruled that the Defendant's pattern of violating his alternative sentences left the court with no other choice but to fully revoke probation. The court reasoned, "You were given probation, you violated your probation almost immediately. You were given a partial revocation, you violated it almost immediately. And you're using meth[amphetamine] and marijuana. There's nothing else the [c]ourt can do at this point." The trial court remanded the Defendant to the custody of the Dyer County Jail to serve the remainder of his three-year sentence.

## ANALYSIS

The Defendant argues that the trial court abused its discretion in ordering full revocation of his probation. The Defendant contends that the trial court should have instead only partially revoked his probation because he "appeared to be apologetic" at the

revocation hearing and expressed a willingness to seek medical treatment for his drug addiction. The Defendant also cites to his testimony at the hearing that he would: (1) stay in a rehabilitation facility for as long as his probation officer wanted him there, (2) that he was always forthright with his probation officer, (3) that he had not missed any meetings with Mr. McElrath, and (4) that he was "beginning employment soon."

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). If the trial court revokes the probation, it has the right to "commence the execution of the judgment as originally entered." Id. The decision to revoke probations rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). An appellate court will uphold a trial court's decision to revoke probation absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)).

In order to revoke the Defendant's probation, the trial court only needed to find that the Defendant violated his probation by a preponderance of the evidence. Here, having signed a voluntary admission of his illegal substance usage, the Defendant does not dispute that he was in violation of the terms of his probationary sentence by testing positive for marijuana and methamphetamine. After finding the Defendant in violation, the trial court had the discretion to order the Defendant to serve the remainder of his sentence in confinement. Further, the trial court's decision to fully revoke the Defendant's probation was supported by the Defendant's pattern of almost immediately violating the substance abuse clause of his probation agreement each time he was released from incarceration.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE

-3-