IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2018

## STATE OF TENNESSEE v. DECARLOS M. MURPHY

**Appeal from the Davidson County Criminal Court
Nos. 2013-B-1524, 2013-B-1549      Steve R. Dozier, Judge**

_____

## No.  M2017-02017-CCA-R3-CD (C)
_____

The Defendant, Decarlos M. Murphy, appeals as of right, from the Davidson County Criminal Court's revocation of his probationary sentence and order of incarceration for the remainder of his twelve-year sentence.  The Defendant contends that the trial court abused its discretion by ordering his sentence into execution instead of reinstating him to community corrections or probation with a mental health and substance abuse treatment.  Following our review, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

David Von Wiegandt, Nashville, Tennessee, for the appellant, Decarlos M. Murphy.

Herbert H. Slatery III, Attorney General and Reporter; Ruth A. Thompson, Senior Counsel; Glenn R. Funk, District Attorney General; and Jennifer Charles and John Wesley King, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

On March 6, 2014, the Defendant pled guilty to two counts of aggravated burglary.  The trial court then imposed two concurrent, twelve-year sentences and placed the Defendant on community corrections.  As part of the Defendant's release, the trial court ordered that he be placed in a halfway home.

On October 25, 2015, a violation warrant was issued for the Defendant because he allegedly violated the terms of his release by being discharged from the halfway home where the court ordered him to reside.  On November 18, 2015, a revocation hearing was held, and the trial court found that the Defendant had violated the terms of his release and

placed him back into community corrections at the halfway house when space became available. On November 4, 2016, the Defendant's supervision was transferred from community corrections to supervised probation. [1]

A second violation warrant was issued on May 19, 2017, alleging that the Defendant had "violated the conditions of his probation in a material respect by" failing to notify his probation officer before changing residences. Probation officers had attempted a home visit on April 11, 2017. After failing to contact the Defendant, the officers spoke with the Defendant's girlfriend who claimed the Defendant was no longer living at the residence and that she had not heard from him in weeks.

An amended violation warrant was filed on May 24, 2017, because the Defendant was arrested for attempted aggravated burglary and possession of drug paraphernalia. The Defendant was subsequently indicted for aggravated burglary, attempted aggravated burglary, and possession of drug paraphernalia. The trial court held a probation violation hearing on September 6, 2017, to review the offenses. At the hearing, the victim of the attempted burglary and two employees of the Metro Nashville Police Department (NPD) that were on the scene testified against the Defendant, identifying him as the offender and recounting the events from May 17, 2017. The NPD received two separate calls regarding break-ins at two different residences, and the police responded to both. Officers found the Defendant on the back porch of one of the residences, attempting to enter the home, and a "crack pipe" was recovered in the Defendant's possession after a search incident to his arrest. The witness from the residence where the Defendant was found testified that the Defendant was "aggressively knocking on the door" and attempting to "bust open" the door. In addition, detectives testified that after investigating the other residence that had reported a break-in, they found some items had been moved around inside. Following his arrest, the Defendant admitted to police that he had been at both residences, attempting to seek shelter at both locations.

A court specialist for the Tennessee Department of Correction also testified at the hearing regarding the probation officers' attempt at a home visit and the Defendant's failure to comply with the terms of his probation. She testified that, according to the one of the probation officer's notes, the Defendant's girlfriend spoke with the officers and claimed that she had not "seen or heard from [the Defendant] in a couple of weeks [.]" Because the Defendant had failed to inform the probation officers of changes to his residence, a warrant was issued.

The Defendant's mother testified on behalf of the Defendant, stating that he had mental issues since he was twelve, but "… when he [was] on his medication, he [did] very well." She indicated that he was not taking his medication at the time of the burglaries. The Defendant's mother also testified that she and the Defendant's brother

---

[1] Although the trial court's revocation refers to the Defendant's community corrections, this appears to be an error. The minute entry shows a revocation of probation. The Defendant's supervision was clearly transferred to probation.

could temporarily provide a residence and transportation for the Defendant if he were released on probation.

In addition, an employee from a nonprofit organization, which aids individuals with mental health, homeless, and substance abuse issues, testified that the Defendant had done well in their program for nine months, emphasizing that he was cooperative and present when needed. She stated that the second to last time she saw the Defendant, he was "very hopeful about his future … and in a great mood." However, she also testified that the Defendant acted like a different person when he was off his medication. At the conclusion of the hearing, the trial court sustained the violation, but took the matter under advisement for the appropriate sentence.

On September 12, 2017, the trial court issued an order placing the original twelve-year sentence into effect. The trial court found by a preponderance of the evidence that the Defendant had violated the terms of his release when he failed to notify his probation officer of a change in residence and when he was arrested for attempted aggravated burglary and possession of drug paraphernalia. In fashioning the appropriate sentence following the Defendant's violations, the trial court considered the concerning pattern of behavior regarding the criminal charges and the fact that the Defendant had been granted alternative sentences multiple times previously. In addition to the new charges, the Defendant has a history of convictions involving criminal trespassing, theft, burglary, and unlawful drug paraphernalia. The trial court took the Defendant's mental state into consideration; however, the trial court placed the Defendant's sentence into effect due to "the nature of the [Defendant's] original offense and new charges, his criminal record, and his track record of alternative sentences [.]" The Defendant filed a timely notice of appeal.

**ANALYSIS**

On appeal, the Defendant contends that the trial court abused its discretion in revoking his probation and ordering the execution of his original twelve-year sentence in confinement. The Defendant argues that the trial court relied too heavily on his criminal record instead of his potential for rehabilitation in ordering his sentence into effect. The Defendant asserts that the trial court should have focused on his mental health as the underlying issue and reinstated him to the community corrections program or an alternate probation with mental health and drug treatment. The State responds that the trial court properly found that the Defendant had violated the terms of his probation sentence, and thus properly revoked his supervised release.

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right … to revoke the probation." Tenn. Code Ann. § 40-35-311(e)(1) (2014). If the trial court revokes the probation, it has the right to "commence the execution of the judgment as originally entered." Id. The decision to revoke probation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); State v.

Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). An appellate court will uphold a trial court's decision to revoke probation absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting State v. Hawkins, 811 S.W.2d 79, 82 (Tenn. 1991)).

In the present case, the Defendant contends that the trial court abused its discretion by placing the twelve-year sentence in effect. However, the trial court only needed to find by a preponderance of the evidence that the Defendant had violated his probation in order to execute his sentence in confinement. It is evident here that the Defendant violated the terms of his probation when he failed to notify his probation officer of his relocation of residence. Furthermore, it was proven by a preponderance of the evidence, through both the Defendant's own admission and the victim's testimony, that the Defendant committed the new offenses of aggravated burglary, attempted aggravated burglary and possession of drug paraphernalia. The Defendant admitted to being present at both residences, and the victim of the attempted burglary testified, confirming the Defendant's attempt in entering her home. Therefore, it was within the trial court's discretion to order the Defendant to serve his sentence in confinement because the trial court properly found by a preponderance of the evidence that the Defendant had violated the terms of his probation sentence.

In addition, the Defendant argues that ordering the execution of his original sentence is an abuse of the trial court's discretion because the original sentence of twelve-years in confinement does not properly address his mental health and substance abuse issues, which he claims are the underlying problems to his behavior. However, the record indicates that the Defendant was originally granted community corrections as an alternative to confinement and failed to comply with the terms of his release. If a trial court revokes probation, it has the right to "extend the defendant's period of probation supervision for any period not in excess of two (2) years," "commence the execution of the judgment as originally entered," or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. §§ 40-35-308(c), -35-311(e). Here, the trial court was not required to reevaluate the Defendant's original sentencing and could, within its discretion, decide to commence the execution of the Defendant's judgment as originally entered. Furthermore, it is apparent that the Defendant did not comply with his original community corrections sentence, and the Defendant's criminal record is not suggestive of compliance in the future. The trial court found by a preponderance of the evidence that the Defendant did not comply with the terms of his release and, within its discretion, decided to commence the execution of the his original sentence. Because the trial court acted under its discretionary authority, we affirm its judgments.

**CONCLUSION**

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE